THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LUTHER VOIGHT, Defendant-Appellant.

Third District No. 3—88—0324

Opinion filed January 26, 1989.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Masters, State's Attorney, of Joliet (Terry A. Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:
Following a jury trial in the circuit court of Will County, the

defendant, Luther Voight, was found guilty of robbery. The trial was conducted in the defendant's absence pursuant to section 115—4.1(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 115—4.1(a)). The defendant was subsequently sentenced to seven years' imprisonment.

On appeal, the defendant contends that his conviction should be vacated because the trial judge erred in holding that it was unnecessary to send the defendant certified mail notice of his trial date. In the alternative, the defendant asks for a new trial, arguing he was deprived of a fair one where the State was allowed to present evidence that the defendant "was a professional robber."

Burt Bernato, an 84-year-old man, testified that on August 6, 1986, at approximately 5:30 p.m., he was walking in his backyard toward his outhouse. While Bernato was en route, the defendant came up from behind, pushed him to the ground and removed two wallets from his pocket. Bernato testified that the defendant was an acquaintance of about two years.

Edith Burkett, a neighbor of Bernato, testified that on the date and time in question she had observed Bernato in his backyard. Shortly thereafter, she also observed the defendant walking down the street past Bernato's residence. She then observed the defendant walk behind Bernato's house. Shortly after losing sight of the defendant, she heard Bernato hollering and begging the defendant to come back and help him.

Robert Kuriger, an acquaintance of the defendant, testified that four days prior to the robbery, the defendant had commented that he wanted to rob Bernato. Kuriger testified that the defendant made the statement after the defendant observed that one of Bernato's wallets contained $50 and $100 bills.

The defendant was arraigned and pleaded not guilty on October 2, 1987. At that time he was admonished pursuant to section 113—4(e) of the Illinois Code of Criminal Procedure (the Code), that if he was released on bond and failed to report in court as required, a trial would proceed in his absence. Ill. Rev. Stat. 1987, ch. 38, par. 113—4(e).

The defendant was present for his next two trial dates. However, on the second date, the matter was reset for trial on March 10, 1988. On March 9, 1988, the defendant's counsel appeared in court, without the defendant, to file a motion to continue the case until March 17, 1988. On March 17, 1988, the defendant's case was called for trial. However, the defendant was not present. Defense counsel informed the court that his last contact with the defendant was on the morning

of March 9, 1988, just prior to the presentation of the motion for continuance. The defense counsel stated that the defendant was aware that counsel would ask for a continuance but did not know whether it would be granted.

The prosecutor stated that he had attempted unsuccessfully to locate the defendant. According to the prosecutor, Bob Kuriger, a subpoenaed State witness, informed him that the defendant had been staying with Kuriger's brother. Kuriger said that the defendant had departed with sleeping bag and clothes on March 16, 1988. Based on that information, the trial judge found that the defendant was voluntarily absenting himself from the proceedings. The judge also ruled that certified mail notice was not required in this case because the defendant was present when the March 10 trial date was set and knew the case was going to be continued.

■ Under section 113—4(e) of the Code, if a defendant pleads not guilty, the court shall advise him that if he is released on bond and fails to make a required court appearance, his failure to appear will constitute a waiver of the right to confront witnesses and trial could proceed in his absence. (Ill. Rev. Stat. 1987, ch. 38, par. 113—4(e).) Further, under section 115—4.1(a) of the Code, when a defendant fails to appear, the court may set the case for *in absentia* trial. When the defendant is not personally present when the date for such trial is set, "the clerk shall send to the defendant, by certified mail at his last known address indicated on his bond slip, notice of the new date which has been set for trial." Ill. Rev. Stat. 1987, ch. 38, par. 115—4.1(a).

■ In the instant case, certified mail notice of the new trial date was not sent to the defendant as prescribed by section 115—4.1(a) of the Code. This court has held that the trial court's failure to comply with certified mail notice under section 115—4.1 may be harmless, at least in a case where the defendant's counsel was aware of the trial date so that knowledge is imputed to the defendant. (*People v. Clark* (1981), 96 Ill. App. 3d 491, 421 N.E.2d 590.) The Fourth District has questioned this court's finding of imputed knowledge and then held that the certified mailing procedure of section 115—4.1(a) is mandatory. *People v. Williams* (1987), 151 Ill. App. 3d 1010, 503 N.E.2d 1090.

■ The defendant argues that because certified mail notice was not sent as required by statute, this court should reverse his conviction and remand the cause for a new trial. We decline to do so. Although we find that the trial court erred in failing to send notice of the trial date, we rely on our reasoning set forth in *Clark* and deter-

mine that such error was harmless under the circumstances of this case. We note that the final trial date was set at the request of the defendant's counsel, that the defendant had been in contact with his attorney shortly before the new date was set, and that the defendant understood that a trial could be held *in absentia.* We conclude that the defendant, knowing on March 9, 1988, that the March 10, 1988, trial date was going to be continued on his motion, simply skipped out. The subsequent mailing of a certified notice would have been a futile gesture. He is charged with the knowledge of the continuance of trial to March 17, 1988, which was obtained on his motion for continuance.

The defendant's final contention on appeal is that it was reversible error for the trial judge not to have stricken the 84-year-old victim's assertion that the defendant "was a professional robber." The defendant argues further that this error was compounded when State's witness Mark Kover, a Will County sheriff, testified that "I was familiar with Mr. Voight from previous occurrences."

■ Initially, we note that the defendant did not object to the complained-of statement by Kover, nor did he mention it in his post-trial motion. As a result, the defendant has waived his right to question that statement on appeal. (*People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124.) Moreover, considering the strength of the evidence, this vague comment could not have so substantially prejudiced the defendant that it constituted reversible error. See *People v. Butler* (1974), 58 Ill. 2d 45, 317 N.E.2d 35.

■ With regard to the statement made by the victim, we note that, generally, evidence which shows that an accused has committed crimes unrelated to the crime charged is prejudicial. (*People v. Poree* (1983), 119 Ill. App. 3d 590, 456 N.E.2d 950.) However, when the reference to other crimes is uncertain, vague or indirect, the prejudicial effect is too speculative to be viewed as reversible error; since the concern of the reviewing court is prejudicial error, the court need not determine that a trial was totally devoid of error before affirming a conviction. *People v. Warmack* (1980), 83 Ill. 2d 112, 413 N.E.2d 1254.

■ We find that although it was error for the trial judge not to have stricken the victim's assertion that the defendant "was a professional robber," the error was not prejudicial. The complained-of remark was not in the nature of a statement of fact and not deliberately elicited by the prosecutor. Rather, it was merely an epithet made in passing by an 84-year-old victim of a mugging. As such, the statement merely indicated the low opinion with which the victim regarded his

assailant. Its impact on the trial would have been nil. In light of the overwhelming evidence of the defendant's guilt and in light of the context in which the statement was made, we find that the comment was not substantially prejudicial as to constitute reversible error.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

BARRY and STOUDER, JJ., concur.