THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARCO RAMIREZ, Defendant-Appellant.

Second District    No. 2—02—1297

Opinion filed December 1, 2003.

Dennis A. Giovannini, of Giovannini & Olshansky, of Chicago, for appellant.

Roger T. Russell, State's Attorney, of Belvidere (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Barry W. Jacobs, of Chicago, for the People.

JUSTICE O'MALLEY delivered the opinion of the court:

Following a trial *in absentia* before a jury in the circuit court of Boone County, defendant, Marco Ramirez, was found guilty of unlawful possession of cocaine with intent to deliver (720 ILCS 570/401(a)(2)(B) (West 1992)) and was sentenced to 21 years' imprison-

ment. Defendant argues on appeal that the trial *in absentia* was held in violation of the notice requirement set forth in section 115—4.1(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/115—4.1(a) (West 1992)). We reverse and remand for a new trial.

Defendant was charged on March 28, 1994, and he appeared in court the next day, at which time the trial court advised him that he could be tried *in absentia* if he failed to appear on future court dates. At some point, a trial date of January 3, 1995, was set, but the State moved for a continuance. The trial court heard the State's motion on November 18, 1994. Defendant was present at the hearing. Defense counsel indicated that he had no objection to the State's motion, but advised the court that he would be unavailable for a proposed trial date in February 1995. The trial court responded, "Set it for March, then, but no continuances. So it will be a year old by then, and I would like to get it resolved." The report of proceedings does not show that the case was set for trial on a specific date in March 1995. However, the November 18, 1994, docket entry in the common-law record states, in pertinent part, "On motion fo [*sic*] State, def having no objection, case removed from Jan jury call and set for jury trial on 3-6-95 at 9 a.m. & for Jury status on 2-24-95 at 9:30."

Defendant failed to appear on February 24, 1995, and also missed a court appearance on February 28, 1995. On the latter date, the court ordered defendant's bond forfeited and issued a bench warrant. Defendant was still absent on March 6, 1995, and the trial court set the case for trial *in absentia* on April 3, 1995. Notice of the April 3 trial date was sent to defendant by regular mail. On April 3, the State answered ready for trial. Defendant was not present, but his attorney objected to proceeding with trial. Defense counsel argued that defendant had not received proper notice under section 115—4.1(a) of the Code because the notice was not sent by certified mail as that provision requires. The court rejected the argument, and the matter proceeded to trial. After the jury returned its guilty verdict, the matter was continued to May 17, 1995, for sentencing. Notice of the sentencing hearing was sent to defendant by certified mail, but he did not appear. As noted, defendant was sentenced to a 21-year prison term.

Defendant was arrested in June 2002, and he filed a motion for a new trial, arguing that he had not received proper notice of the April 3, 1995, trial date. The court denied the motion, and this appeal followed.

■ At the time of defendant's trial, section 115—4.1(a) provided, in pertinent part:

"When a defendant after arrest and an initial court appearance

for a non-capital felony, fails to appear for trial, at the request of the State and after the State has affirmatively proven through substantial evidence that the defendant is willfully avoiding trial, the court may commence trial in the absence of the defendant. *** The court may set the case for a trial which may be conducted under this Section despite the failure of the defendant to appear at the hearing at which the trial date is set. When such trial date is set the clerk shall send to the defendant, by certified mail at his last known address indicated on his bond slip, notice of the new date which has been set for trial. Such notification shall be required when the defendant was not personally present in open court at the time when the case was set for trial." 725 ILCS 5/115—4.1(a) (West 1992).

It is undisputed that notice of the April 3, 1995, trial date was sent to defendant by regular mail, rather than by certified mail as the statute provides. It has been held that notice by certified mail is mandatory (*People v. Williams*, 151 Ill. App. 3d 1010, 1013 (1987)) and that notice by regular mail is insufficient (*People v. Watson*, 109 Ill. App. 3d 880, 883 (1982)). On the other hand, there is authority that if the defendant is personally present in court when the original trial date is set but fails to appear for trial, he may be tried *in absentia* at a later date without further notice. See *People v. House*, 202 Ill. App. 3d 893, 904 (1990); *People v. Velasco*, 184 Ill. App. 3d 618, 629 (1989). The State contends that the failure to notify defendant of the April 3, 1995, trial date by certified mail is not reversible error because defendant was present in court on November 18, 1994, when the case was set for trial on March 6, 1995, and was not entitled to further notice. We disagree.

■ Section 115—4.1(a) of the Code is a safeguard for defendant's precious constitutional right to confront his accusers. Therefore, it has been determined that a trial *in absentia* may occur only where the mandates of section 115—4.1(a) have been strictly followed. See *Watson*, 109 Ill. App. 3d at 883. Section 115—4.1(a), however, imposes upon the State a "substantial" burden by requiring the State to affirmatively prove "through substantial evidence that the defendant is willfully avoiding trial." 725 ILCS 5/115—4.1(a) (West 1992). In order to ensure that the State's burden is substantial but not insurmountable and to make the administration of section 115—4.1(a) possible, the statute has been construed as requiring the State to make a *prima facie* case that the defendant's absence is willful by showing that the defendant was advised of the trial date, was admonished that his failure to appear could result in a trial *in absentia*, and did not appear for trial when the case was called. *People v. Mendez*, 322 Ill. App. 3d

103, 115 (2001). Thus, while section 115—4.1(a) undoubtedly safeguards the defendant's constitutional rights, it has been somewhat relaxed so that it may be applied in practice. In order that section 115—4.1(a) may remain a viable safeguard to a defendant, and in accordance with the State's "substantial evidence" burden, we cannot ignore the legislative mandate to notify a defendant by certified rather than regular mail.

■ The State attempts to evade the requirement of certified mail by arguing that defendant was present when the trial court set the trial date. We note that there is a discrepancy between the common-law record and the report of proceedings about what transpired on November 18, 1994. The November 18, 1994, docket entry in the common-law record recites that the case was set for trial on a specific date—March 6, 1995. In contrast, the report of proceedings shows that the trial court merely selected the month for trial, not a specific date. When there is a conflict between the report of proceedings and the common-law record, the report of proceedings prevails. *People v. DePratto*, 36 Ill. App. 3d 338, 342 (1976). Here, the trial court merely stated, "Set it for March." This was "insufficient to set the date in open court in defendant's presence." *Watson*, 109 Ill. App. 3d at 883 (statement that case was "set for jury trial on the January jury call" was not substitute for proper notice of specific trial date of January 11).

The State urges us to treat the notice defect as harmless error. The State notes the following circumstances: (1) defendant was aware that trial was to take place in March; (2) the notice of trial sent by regular mail was not returned to the clerk undelivered; (3) notice of the sentencing hearing was sent by certified mail; and (4) defendant was represented by counsel at all stages of the proceedings. As far as the first three circumstances are concerned, the State cites no authority and offers no substantial argument for the proposition that the notice defect was harmless error, and the point is therefore waived. See *People v. Layne*, 286 Ill. App. 3d 981, 989 (1997). Accordingly, we will consider only whether the defect in notice was harmless error because defendant was represented by counsel.

In several cases, beginning with *People v. Clark*, 96 Ill. App. 3d 491, 496 (1981), the Appellate Court, Third District, has held that where defense counsel is aware of the trial date, improper notice to the defendant is harmless error because the attorney's knowledge is imputed to the defendant. See also *People v. Haywood*, 183 Ill. App. 3d 212, 214-15 (1989); *People v. Voight*, 178 Ill. App. 3d 933, 936 (1989). However, in *Watson*, the Appellate Court, Fourth District, expressly rejected this approach. *Watson*, 109 Ill. App. 3d at 883. While this

court has not previously reached the question, we now conclude that *Watson* represents the better-reasoned view. We agree with *Watson* that "*Clark* ignores the fact that section 115—4.1(a) requires notice by certified mail and emasculates the clear statutory protections." *Watson*, 109 Ill. App. 3d at 883. We also agree with *Watson* that to impute counsel's knowledge to the defendant "would amount to ruling that trial *in absentia* is proper whenever defendant is represented by counsel." *Watson*, 109 Ill. App. 3d at 883.

The trial court erred in conducting a trial *in absentia* without notice by certified mail as required by section 115—4.1(a). Accordingly, we reverse defendant's conviction and remand for a new trial.

Reversed and remanded.

GROMETER and CALLUM, JJ., concur.