(No. 97620.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. MARCO RAMIREZ, Appellee.

*Opinion filed January 21, 2005.*

Lisa Madigan, Attorney General, of Springfield, and Roger T. Russell, State's Attorney, of Belvidere (Gary Feinerman, Solicitor General, Linda D. Woloshin and Anne Bagby, Assistant Attorneys General, of Chicago, and Norbert J. Goetten, Martin P. Moltz and Barry W. Jacobs, of the Office of the State's Attorneys Appellate Prosecutor, of Elgin, of counsel), and Jonathan Shih, law student, for the People.

Dennis A. Giovannini, David S. Olshansky and Jason R. Klinowski, of Chicago, for appellee.

JUSTICE THOMAS delivered the opinion of the court:

Defendant, Marco Ramirez, was charged with unlawful possession of cocaine with the intent to deliver (720 ILCS 570/401(a)(2)(B) (West 1992)). After being tried *in absentia* by a jury, defendant was convicted and sentenced to 21 years in prison. He later moved for a new trial, arguing that the trial *in absentia* was held in violation of the notice requirement set forth in section 115—4.1(a) of the Code of Criminal Procedure of 1963 (the Code) (725 ILCS 5/115—4.1(a) (West 1992)). The circuit court of Boone County denied the motion, and the appellate court reversed and remanded for a new trial (344 Ill. App. 3d 296). We allowed the State's petition for leave to appeal. 177 Ill. 2d R. 315(a).

## BACKGROUND

On March 28, 1994, defendant was charged with unlawful possession of cocaine with the intent to deliver (720 ILCS 570/401(a)(2)(B) (West 1992)). He appeared in court the next day, and the trial court advised him that he could be tried *in absentia* if he failed to appear for future court dates. A trial date was set for January 3, 1995. The State later moved for a continuance, and that motion was heard on November 18, 1994, with defendant present in open court. At the hearing, defense counsel stated that, although he had no objection to the State's request for a continuance, he would not be available for trial until after February 1995. According to the report of proceedings, the trial court responded, "Set it for March, then, but no continuances. So it will be a year old by then, and I would like to get it resolved." The trial court then set the case for status on February 24, 1995.

Defendant failed to appear for the February 24, 1995, status hearing, as well as for a hearing held on February 28, 1995. When defendant failed to appear for trial on March 6, 1995, the trial court set the case for trial *in absentia* on April 3, 1995. On April 3, 1995, defendant again failed to appear. Although the State answered ready for trial, defense counsel argued that the trial *in absentia* could not validly proceed because defendant was not sent notice of the April 3, 1995, trial date by certified mail, as specifically required by section 115—4.1(a). Instead, notice was sent to defendant by regular mail. The trial court rejected defense counsel's argument and commenced a jury trial *in absentia*. Defendant was convicted and sentenced to 21 years in prison.

Defendant remained at large until June 2002. Following his arrest, defendant moved for a new trial on the grounds that he had not been sent notice of the April 3, 1995, trial date by certified mail, as required by section 115—4.1(a). The trial court denied the motion, and defendant appealed. The appellate court reversed and

remanded for a new trial, holding that "[t]he trial court erred in conducting a trial *in absentia* without notice by certified mail as required by section 115—4.1(a)." 344 Ill. App. 3d at 301. We allowed the State's petition for leave to appeal. 177 Ill. 2d R. 315(a).

## DISCUSSION

The question before us is whether strict compliance with the certified mailing provision of section 115—4.1(a) is a mandatory prerequisite to conducting a trial *in absentia*, where the defendant was not personally present in open court when the trial date was set. This is a question of statutory construction, and the rules for addressing such questions are familiar. The fundamental rule of statutory construction is to ascertain and give effect to the legislature's intent. *Michigan Avenue National Bank v. County of Cook*, 191 Ill. 2d 493, 503-04 (2000). The best indication of legislative intent is the statutory language, given its plain and ordinary meaning. *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 479 (1994). Where the language is clear and unambiguous, we will apply the statute without resort to further aids of statutory construction. *Davis v. Toshiba Machine Co., America*, 186 Ill. 2d 181, 184-85 (1999). The construction of a statute is a question of law that is reviewed *de novo. In re Estate of Dierkes*, 191 Ill. 2d 326, 330 (2000).

At the time of defendant's trial, section 115—4.1(a) provided as follows:

> "When a defendant after arrest and an initial court appearance for a non-capital felony, fails to appear for trial, at the request of the State and after the State has affirmatively proven through substantial evidence that the defendant is willfully avoiding trial, the court may commence trial in the absence of the defendant. *** The court may set the case for a trial which may be conducted under this Section despite the failure of the defendant to appear at the hearing at which the trial date is set. When such trial date is set the clerk shall send to the defendant, by

certified mail at his last known address indicated on his bond slip, notice of the new date which has been set for trial. Such notification shall be required when the defendant was not personally present in open court at the time when the case was set for trial." 725 ILCS 5/115—4.1(a) (West 1992).

Over the years, a conflict has developed in the appellate court over whether strict compliance with the certified mailing provision of this section is a mandatory prerequisite to commencing a trial *in absentia*. One view is represented by the Third District's opinion in *People v. Clark*, 96 Ill. App. 3d 491 (1981). In *Clark*, the defendant was tried *in absentia*, convicted, and sentenced to two years in prison. On appeal, the defendant challenged her conviction in part on the grounds that she was neither present in open court when the trial date was set nor sent notice of that date by certified mail, as required by section 115—4.1(a). In affirming, the court held that lack of compliance with the certified mailing requirement was harmless error because defense counsel was present in open court when the trial date was set. *Clark*, 96 Ill. App. 3d at 496. According to *Clark*, "such knowledge on the part of the attorney is deemed constructively to be imparted to the defendant." *Clark*, 96 Ill. App. 3d at 496. See also *People v. Haywood*, 183 Ill. App. 3d 212, 213-14 (1989); *People v. Voight*, 178 Ill. App. 3d 933, 936 (1989).

The opposite view is represented by the Fourth District's decision in *People v. Watson*, 109 Ill. App. 3d 882 (1982), which the appellate court below specifically endorsed. 344 Ill. App. 3d at 300-01. In *Watson*, the defendant was present in open court when his case was "set for jury trial on the January jury call." Although the defendant was later sent two notices of the specific trial date (January 11, 1982), those notices were sent by regular mail and nothing in the record confirmed that he received them. When the defendant failed to appear for the January 11 trial, he was tried and convicted *in*

*absentia.* In reversing, the appellate court first held that the defendant was entitled to notice of the January 11, 1982, trial date by certified mail because he was not present in open court when that date was set. According to the court, "[t]he trial court's statement at Watson's arraignment that the case was 'set for jury trial on the January jury call' was insufficient to set the date in open court in defendant's presence." *Watson*, 109 Ill. App. 3d at 882-83. The court then rejected *Clark* outright and held that defense counsel's knowledge of the trial date could not be constructively imparted to the defendant. According to the court, "*Clark* ignores the fact that section 115—4.1(a) requires notice by certified mail and emasculates the clear statutory protections." *Watson*, 109 Ill. App. 3d at 883. The court further explained that the "exception" created in *Clark* completely swallows the rule:

> "[T]he only way defendant can be said to have known of his trial date and the consequences of his failure to appear is if the knowledge of his counsel is imputed to him. We decline to do so because such a holding would amount to ruling that trial *in absentia* is proper whenever defendant is represented by counsel." *Watson*, 109 Ill. App. 3d at 883.

Accordingly, the court declined to follow *Clark*, reversed defendant's convictions, and remanded for a new trial. *Watson*, 109 Ill. App. 3d at 883-84.

In this case, defendant is in virtually the same position as Watson. Although he was present in open court on November 18, 1994, when the trial court set his case "for March," he was not present when the actual March 6, 1995, trial date was set.[1] Nor was he personally present when the April 3, 1995, trial date was set. Although he

---

[1] It should be noted that, in the appellate court, the State argued that defendant *was* present in open court when the March 6, 1995, trial date was set. In support, the State pointed not to the report of proceedings from November 18, 1994, which states only that the case was "set for March," but to the docket entry for that

was sent notice of the April 3, 1995, trial date, that notice was sent by regular mail rather than by certified mail, and nothing in the record confirms that he actually received it. And when he failed to appear on April 3, 1995, he was tried and convicted *in absentia*. The question for us is what to do about this. Defendant urges us to adopt *Watson* and hold that, under these facts, the failure to send notice by certified mail necessitates a new trial. The State urges us to adopt *Clark* and hold that, under these facts, the failure to comply with the certified mailing requirement was harmless error because defense counsel's knowledge of the March 6, 1995, and April 3, 1995, trial dates can be constructively imputed to defendant.

We elect to adopt the *Watson* approach. Unlike *Clark*, which injects into section 115—4.1(a) an exception that does not exist, *Watson* applies the plain language of section 115—4.1(a) as written. Section 115—4.1(a) makes clear that a trial court may set a case for trial *in absentia* despite the defendant's absence from the hearing at which such date is set. When this occurs, however, "the clerk *shall* send to the defendant, by certified mail at his last known address indicated on his bond slip, notice of the new date which has been set for trial." (Emphasis added.) 725 ILCS 5/115—4.1(a) (West 1992). Moreover, "[s]uch notification *shall be required* when the defendant was not personally present in open court at the time when the case was set for trial." (Emphasis added.) 725 ILCS 5/115—4.1(a) (West 1992). It is well established that, by employing the word "shall," the legislature evinces a clear intent to impose a mandatory obligation. *People v. O'Brien*, 197 Ill. 2d 88, 93 (2001); *People v.*

date, which states that the case was "set for jury trial on 3-6-95 at 9 a.m." The appellate court found that the report of proceedings controlled (344 Ill. App. 3d at 300), and the State accepts that finding for purposes of the present appeal.

*Thomas*, 171 Ill. 2d 207, 222 (1996). Thus, under the plain language of section 115—4.1(a), the clerk's obligation to send notice by certified mail is *mandatory*, and the requirement that such notice be sent to any defendant who was not personally present in open court when the case was set for trial is *mandatory*. As importantly, section 115—4.1(a) contains no exceptions, whether for knowledge of defense counsel or for anything else. Had the legislature intended such an exception, it easily could have included it in the statutory language. It did not, and we therefore are constrained to apply the plain language as written and without exception. Accordingly, we hold that strict compliance with section 115—4.1(a)'s certified mailing requirement is a mandatory prerequisite to conducting a criminal trial *in absentia*, where the defendant was not personally present in open court when the case was set for trial.

Aside from vindicating section 115—4.1(a)'s plain language, the *Watson* approach also has the benefit of easy administration. As *Watson* correctly explained, section 115—4.1(a) is part of a larger legislative scheme that allows a trial to proceed in the defendant's absence while ensuring that the accused's constitutional right to be present at trial and confront his accusers is not compromised in the process. See *Watson*, 109 Ill. App. 3d at 882-83. The first half of this scheme is found in section 113—4(e) of the Code, which requires the trial court to advise the defendant in open court that "if he escapes from custody or is released on bond and fails to appear in court when required by the court that his failure to appear would constitute a waiver of his right to confront the witnesses against him and trial could proceed in his absence." 725 ILCS 5/113—4(e) (West 1992). The second half of the scheme is section 115—4.1(a), which explains how to proceed when a properly admonished defendant willfully absents himself from the proceedings.

Under section 115—4.1(a), the trial court may not commence a trial *in absentia* unless "the State has affirmatively proven through substantial evidence that the defendant is wilfully avoiding trial." 725 ILCS 5/115—4.1(a) (West 1992). In *People v. Smith*, 188 Ill. 2d 335 (1999), this court held that the State may satisfy section 115—4.1(a)'s "substantial evidence" burden by establishing a *prima facie* case that the defendant's absence is willful. To establish a *prima facie* case, the State must show that the defendant (1) was advised of the trial date; (2) was advised that failure to appear could result in trial *in absentia*; and (3) did not appear for trial when the case was called. *Smith*, 188 Ill. 2d at 343. Of course, demonstrating that the defendant was advised of the trial date is not a problem when the record shows that the defendant was personally present in open court when the case was set for trial. The harder case is one such as this, where the defendant was *not* present in open court when the case was set for trial. We now hold that, under such circumstances, the State may demonstrate that the defendant was advised of the trial date by demonstrating strict compliance with section 115—4.1(a)'s certified mailing requirement. We believe that this rule, like section 115—4.1(a) itself, "balance[s] the defendant's right to be present at trial, the State's interest in the expeditious administration of justice, and our traditional distrust of trials *in absentia*." See *People v. Partee*, 125 Ill. 2d 24, 40 (1988). Indeed, by requiring the State to show strict compliance with the certified mailing requirement, we ensure that the absent defendant's important constitutional rights are afforded all of the necessary statutory safeguards. At the same time, we relieve the State of proving on a case-by-case basis whether the lack of compliance with section 115—4.1(a)'s certified mailing requirement amounted to harmless error.

In opposition to this result, the State argues that

construing the certified mailing requirement as mandatory would violate important separation of powers principles.[2] In support, the State relies upon this court's decision in *People v. Flores*, 104 Ill. 2d 40 (1984). In *Flores*, the court examined a version of section 115—4.1 that required a court to wait two days before continuing a trial from which the defendant willfully absents himself. See Ill. Rev. Stat. 1977, ch. 38, par. 115—4.1. On separation of powers grounds, the court refused to construe the provision as mandatory. In so doing, we explained that "to allow the legislature to mandate how long a trial judge must wait before proceeding with a trial, when a defendant has wilfully absented himself from his trial once it has commenced, unconstitutionally infringes upon a trial judge's authority to control his docket." *Flores*, 104 Ill. 2d at 49-50. According to the State, *Flores* and the present case are "not distinguishable," as "the type of mail that a court uses to notify an absent defendant is part of judicial administration and hence solely under judicial power."

With respect to the State, *Flores* is entirely distinguishable from the present case. To be sure, the court in *Flores* stated that the legislature may not "unconstitutionally infringe[ ] upon a trial judge's authority to control his docket." *Flores*, 104 Ill. 2d at 49-50. In doing so, however, the court emphasized that not all statutes regulating judicial procedure are invalid. *Flores*, 104 Ill. 2d at 49-50. As examples of valid statutes, the court cited a provision of the Illinois Marriage and Dissolution of

---

[2]Defendant insists that this argument is waived, as the State failed to raise it in the appellate court or include it in its petition for leave to appeal. The State, however, was the appellee in the appellate court. As the appellant now in this court, the State may raise any argument properly presented by the record to sustain the judgment of the trial court, whether or not that argument was raised below or included in the petition for leave to appeal. *People v. Donoho*, 204 Ill. 2d 159, 169 (2003).

Marriage Act mandating a bifurcated trial separated by at least 48 hours in contested marital dissolutions (see Ill. Rev. Stat. 1977, ch. 40, par. 403(e)), as well as the 120-day speedy-trial provision of the Code (see Ill. Rev. Stat. 1983, ch. 38, par. 103—5). In distinguishing those statutes from the two-day waiting period, the court explained:

"We believe that both the bifurcated-trial and 120-day speedy-trial provisions are distinguishable from section 115—4.1. A trial judge is aware in advance of the bifurcated-trial situation and the speedy-trial provision. A trial judge can plan ahead to accommodate those cases on his call. However, with the instant case, the court cannot plan ahead. If the defendant chooses to walk out once his trial has commenced, his act can cause complete disruption of the court's docket. A judge would not know from case to case whether the defendant would appear or walk out during trial. A defendant should not benefit from his own defiance of the criminal justice system. We believe that if the statute is mandatory it unduly infringes upon the inherent powers of the judiciary." *Flores*, 104 Ill. 2d at 50.

Thus, the lesson of *Flores* is that, while the legislature may constitutionally enact statutes relating to judicial procedure, it may *not* interfere with a trial court's ability to plan and manage its docket. In this regard, the certified mailing provision, like the bifurcated-trial and speedy-trial provisions, is perfectly valid. The trial court "is aware in advance" of the certified mailing requirement, and nothing about that requirement interferes with the court's ability to plan ahead. In fact, the certified mailing requirement *preserves* the court's ability to plan ahead. If the trial court sets a case for trial *in absentia*, strict compliance with the certified mail provision ensures that trial may proceed as scheduled despite the defendant's continued absence. The docket remains firmly within the trial court's control and wholly immune from last-minute hijacking by defiant defendants.

## CONCLUSION

Where the defendant is not personally present in open court when the trial date is set, strict compliance with section 115—4.1(a)'s certified mailing provision is a mandatory prerequisite to conducting a criminal trial *in absentia*. Here, defendant was not personally present in open court when the March 6, 1995, and April 3, 1995, trial dates were set, and he was not sent notice of those dates by certified mail, as required by section 115—4.1(a). The trial court therefore erred in conducting a trial *in absentia*.

For these reasons, we affirm the judgment of the appellate court, which reversed defendant's conviction and remanded for a new trial.

*Affirmed.*