2021 IL App (3d) 190645

Opinion filed January 29, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois, |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0645 Circuit No. 19-CF-60 |
| NASHAWN L. NEVILLES, | ) ) ) | Honorable Clark E. Erickson, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE LYTTON delivered the judgment of the court, with opinion.
Justice Daugherity and Presiding Justice McDade concurred in the judgment and opinion.

_____

**OPINION**

¶ 1      The State appeals from the Kankakee County circuit court's order granting defendant Nashawn L. Nevilles's motion to suppress evidence. The State argues the court erred in granting the motion as section 14-3(q) of the Criminal Code of 2012 (Code) (720 ILCS 5/14-3(q) (West 2018)) does not require the State to include a statement of reasonable cause in his or her memorialization of the request for an eavesdropping exemption. We reverse and remand.

## I. BACKGROUND

On October 23, 2018, Sergeant Clayt Wolfe of the Kankakee Area Metropolitan Enforcement Group submitted a request for approval of an eavesdrop to the Kankakee County state's attorney. The request was memorialized in a "Qualified Offense Eavesdrop Exemption Form." The memorialization of the eavesdrop request included the name of defendant, his physical description, and his date of birth. On October 25, 2018, a second eavesdrop request was made to the state's attorney and a nearly identical memorialization of the request was created. An assistant state's attorney approved each request.

On February 15, 2019, the grand jury indicted defendant with two counts of unlawful delivery of a controlled substance (720 ILCS 570/401(c)(2) (West 2018)). Defendant filed a motion to suppress evidence, arguing that the State's memorializations of Wolfe's eavesdrop request did not include facts to establish reasonable cause. Defendant filed with his motion the two eavesdrop request memorializations submitted by Wolfe. Defendant also argued that the standards for judicially-approved eavesdrop requests should apply to state's attorney eavesdrop requests. He concluded that because the two memorializations filed by the state's attorney did not include reasonable cause, any evidence that flowed from the eavesdrops must be suppressed.

The State argued that each eavesdrop memorialization satisfied the requirements of section 14-3(q) of the Code, and the statute did not require statements of reasonable cause in the memorializations.

After arguments, the court granted defendant's motion to suppress evidence. The court found that each of the State's memorializations lacked reasonable cause. The State filed a certificate of impairment and notice of appeal.

¶ 7                                                    II. ANALYSIS

¶ 8            The State argues that the circuit court erred in granting defendant's motion to suppress

evidence because the plain language of section 14-3(q) of the Code does not require the

memorialization filed by the state's attorney with the court to state reasonable cause. We find the

court erred as the statute does not require the memorialization to include a statement of reasonable

cause.

¶ 9            We apply a two-part standard when reviewing a court's ruling on a motion to suppress

evidence. *People v. Luedemann*, 222 Ill. 2d 530, 542 (2006). We will uphold the court's factual

findings unless they are against the manifest weight of the evidence. *Id.* We review the ultimate

legal question of whether suppression is warranted *de novo*. *Id.*

¶ 10          The question presented in this case is one of statutory construction.

                     "The primary objective in construing a statute is to ascertain and give effect to the

                     intent of the legislature. The most reliable indicator of legislative intent is the

                     language of the statute, given its plain and ordinary meaning. *** If possible, the

                     court must not depart from the statute's plain language by reading into it exceptions,

                     limitations, or conditions the legislature did not express." *People v. Casas*, 2017 IL

                     120797, ¶ 18.

"Where the language is clear and unambiguous, we will apply the statute without resort to further

aids of statutory construction." *People v. Ramirez*, 214 Ill. 2d 176, 179 (2005).

¶ 11          Section 14-3(q)(1) permits a police officer to request a state's attorney's approval to use

an eavesdropping device in an investigation of a qualified offense. 720 ILCS 5/14-3(q)(1) (West

2018). If the state's attorney determines that "reasonable cause exists to believe that inculpatory

conversations concerning a qualified offense will occur with a specified individual," she may grant

3

approval for the eavesdrop. *Id.* Section 14-3(q)(2) sets forth the requirements for an eavesdrop exception:

> "The request may be written or verbal; however, a written memorialization of the request must be made by the State's Attorney. This request for approval shall include whatever information is deemed necessary by the State's Attorney but shall include, at a minimum, the following information about each specified individual whom the law enforcement officer believes will commit a qualified offense:
>
> (A) his or her full or partial name, nickname or alias;
>
> (B) a physical description; or
>
> (C) failing either (A) or (B) of this paragraph (2), any other supporting information known to the law enforcement officer at the time of the request that gives rise to reasonable cause to believe that the specified individual will participate in an inculpatory conversation concerning a qualified offense." *Id.* § 14-3(q)(2).

¶ 12     The plain language of section 14-3(q)(2) establishes that the written memorialization need only include reasonable cause if the requesting officer does not provide a name and physical description of the individual the officer believes will commit a qualified offense. While the state's attorney must make a finding of reasonable cause to allow the eavesdrop exception under section 14-3(q)(1), the plain language of the statute does not require that they put that finding in the memorialization.

¶ 13     In this case, the memorializations of Wolfe's eavesdrop requests contained the names and descriptions of the eavesdrop subjects. Therefore, applying section 14-3(q)(2), the memorializations were not required to state reasonable cause. Presumptively, Wolfe verbally

4

provided the reasonable cause to the state's attorney when he applied for the exemptions as the state's attorney signed the memorialization and submitted it to the court.

¶ 14    Defendant argues, by analogy to section 108A-1 of the Code of Criminal Procedure of 1963 (Criminal Code), that the memorialization must include some explanation for the approval of the eavesdrop exception. *Id.* § 14-3(q); 725 ILCS 5/108A-1 (West 2018).

¶ 15    Section 14-3(q) of the Code and section 108A-1 of the Criminal Code describe distinct avenues law enforcement may use to acquire approval to use an eavesdropping device. Each statute contains specific language discussing its own requirements, procedures, and limitations. See *People v. Brindley*, 2017 IL App (5th) 160189, ¶ 38. Section 14-3(q) is more limited in its permission of eavesdropping. It allows the state's attorney to grant authorization to use an eavesdropping device for 24 hours to investigate a "qualified offense." 720 ILCS 5/14-3(q)(1), (q)(3)(C) (West 2018). In contrast, section 108A-1 permits the use of eavesdropping devices for any felony under Illinois law and for a period of up to 30 days. 725 ILCS 5/108A-1, 108A-5(b) (West 2018). Before a section 108A-1 request may be granted, the circuit court, instead of the state's attorney, must find that the State has established "reasonable cause" to believe that an individual has committed, is committing, or is about to commit a felony. *Id.* §§ 108A-3(a)(3), 108A-4.

¶ 16    In this case, Wolfe obtained approval under section 14-3(q) of the Criminal Code. It follows that the more limited procedure and documentation requirements stated in section 14-3(q) dictate the memorialization requirements. Nothing in this section requires us to apply the procedures contained in section 108A-1 of the Criminal Code. See *Brindley*, 2017 IL App (5th) 160189, ¶ 38. Moreover, to do so would require that we ignore the plain language of the statute. We find no reason to do so as the language of the statute is clear. *Supra* ¶ 12.

¶ 17    Finally, defendant argues that without applying the statutory scheme in section 108A-1 of the Criminal Code, eavesdrop approvals under section 14-3(q) of the Code lack judicial oversight and violate his right to due process. However, the section 14-3(q) eavesdrop exception is not unchecked, as defendant may file a motion to suppress evidence obtained through an allegedly unlawful eavesdrop exception. Defendant exercised his right to this process when he challenged the State's reasonable cause by filing a motion to suppress evidence. Under the current statutory scheme, to establish whether the State had reasonable cause for the eavesdrop exception, defendant needed to question Wolfe or the approving state's attorney, as the reasonable cause allegation need not be in the memorialization.

¶ 18    We conclude that the court erred in granting defendant's motion to suppress evidence, as section 14-3(q) of the Code did not require the state's attorney's written memorializations to include the allegations of reasonable cause. We reverse the court's denial of defendant's motion to suppress evidence and remand for further proceedings.

¶ 19                                III. CONCLUSION

¶ 20    The judgment of the circuit court of Kankakee County is reversed and remanded.

¶ 21    Reversed and remanded.

**No. 3-19-0645**

| | |
|---|---|
| **Cite as:** | *People v. Nevilles*, 2021 IL App (3d) 190645 |
| **Decision Under Review:** | Appeal from the Circuit Court of Kankakee County, No. 19-CF-60; the Hon. Clark E. Erickson, Judge, presiding. |
| **Attorneys for Appellant:** | Jim Rowe, State's Attorney, of Kankakee (Patrick Delfino, Thomas D. Arado, and Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| **Attorneys for Appellee:** | James E. Chadd, Thomas A. Karalis, and Sean Conley, of State Appellate Defender's Office, of Ottawa, for appellee. |