NOTICE

Decision filed 11/18/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230485-U

NO. 5-23-0485

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 23-CF-42 |
| | ) | |
| MICHAEL R. BROCK, | ) | Honorable |
| | ) | Jeffrey K. Watson, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE McHANEY delivered the judgment of the court.
Justices Moore and Boie concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Where the trial court did not abuse its discretion by precluding the State from presenting other crimes, wrongs, or bad acts pursuant to Illinois Rule of Evidence 404(b) and 725 ILCS 5/115-7.4, we affirm the trial court's order.

¶ 2                                I. BACKGROUND

¶ 3    On January 9, 2023, the defendant, Michael R. Brock, was charged by information with one count of aggravated kidnapping while armed with a dangerous weapon (720 ILCS 5/10-2(a)(5) (West 2022)), four counts of domestic battery with four previous convictions (*id.* § 12-3.2(a)(1)), one count of felon in possession of a weapon while on parole (*id.* § 24-1.1(a)), and one count of aggravated unlawful restraint (*id.* § 10-3.1(a)). These charges were alleged to have occurred on January 7, 2023, and the named victim of counts 1-5 and 7 was Amber Hart, the defendant's girlfriend at that time. For reasons unrelated to this appeal, on June of 2023, counts 1-7 were

1

dismissed, and the State presented the same charges to the grand jury as counts 8-14, which returned an indictment on all counts. For reasons unknown, count 8 (aggravated kidnapping while armed with a dangerous weapon) was dismissed, and count 13 was severed. The State announced it would proceed on counts 9-12 and count 14.

¶ 4     On May 4, 2023, the State filed both a "NOTICE OF INTENT TO INTRODUCE EVIDENCE OF OTHER CRIMES WRONGS OR ACTS PURSUANT TO ILLINOIS RULE OF EVIDENCE 404(b) RE: THE DEFENDANT'S PAST DOMESTIC ACTS AND SUBSEQUENT CONTACT WITH THE VICTIM(S)" based on acts occurring between 2003 and 2012, and "PEOPLE'S MOTION TO ADMIT PROOF OF OTHER DOMESTIC VIOLENCE ACTS" pursuant to section 115-7.4  of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/115-7.4 (West 2022)). On May 11, 2023, the State filed a "NOTICE OF INTENT TO INTRODUCE EVIDENCE OF OTHER CRIMES WRONGS OR ACTS PURSUANT TO ILLINOIS RULE OF EVIDENCE 404(b) RE: A DOMESTIC INCIDENT THE DAY PRIOR WITH AMBER HART" based on an alleged act of domestic violence that occurred the day before the charged crime.

¶ 5     Specifically, the State sought to introduce evidence of defendant's October 2003 conviction for strangling his then-girlfriend, Christina Sonsoucie, when she asked a third party to intervene between her and defendant because defendant was intoxicated; defendant's July 2005 conviction for striking his then-girlfriend Zalest Sronce in the face because she was allegedly talking to another man, causing visible injuries; and defendant's November 2005 conviction for attacking his then-girlfriend Brittney Gamblin in her front yard, when she was attempting to leave him, causing visible injuries. The State also sought to introduce evidence from his then-girlfriend Kathy Stanley, where defendant was charged with throwing hot grease on her, causing visible injuries. Though the defendant was acquitted of that charge, the State argued that a conviction is

not required to prove other domestic violence, citing *People v. Jenk*, 2016 IL App (1st) 143177, ¶ 40.

¶ 6    Additionally, the State informed the trial court that because the alleged victim in the current case was a reluctant and fearful victim, it filed a notice for unavailable witness, should the victim fail to appear, and a notice of intent to introduce prior inconsistent statements, should the victim refuse to testify or claim lack of memory, or if her testimony was inconsistent with the video statement she gave to police immediately after the alleged battery. The State also requested to present testimony from an expert witness regarding domestic violence. The expert would testify about the cycle of domestic abuse and how it impacts domestic victim behavior, including the fact that often victims will not cooperate with law enforcement and prosecution.

¶ 7    On June 27, 2023, the trial court held a pretrial conference, which, among other issues, addressed the State's motions. On July 5, 2023, the trial court issued an order that granted the State's request for the expert witness testimony but precluded the State from presenting other-crimes and bad acts evidence pursuant to both Illinois Rule of Evidence 404(b) (hereinafter Rule 404(b)) and section 115-7.4 of the Code (725 ILCS 5/115-7.4 (West 2022)). The trial court's order included the following findings regarding the past domestic acts and subsequent contact with the victim(s), and the domestic incident that allegedly occurred the day prior with the current victim pursuant to Rule 404(b):

> "People's Notice of Intent to Introduce Evidence of Other Crimes per [Rule] 404(b)
> filed May 11, 2023. On June 27, 2023, the Court conducted a hearing. After
> balancing the probative value of this evidence against its prejudicial effect per
> [Rule] 403 the Court finds:

3

The other crimes, wrong or bad acts proffered by the People relates to an uncharged incident the day before the events related to the pending charges. The People elected not to charge this incident. Notwithstanding the foregoing, the People now wish to avoid their burden or proving Defendant guilty of this incident beyond a reasonable doubt by introducing it as other crimes, wrongs or bad acts evidence.

This Court finds the probative value of this evidence is substantially outweighed by its undue prejudicial effect on the Defendant for [Rule] 404(b) purposes. The People's Motion is denied.

*\*\**

As to the other crimes evidence contained in Paragraph 6a, 6b and 6c [of the State's Notice of Intent], the Court finds this evidence remote in proximity (18-20 years prior) to the pending charges. Moreover, these crimes are dissimilar in that they involve different victims under different circumstances.

As to the other crimes evidence contained in Paragraph 6d [of the States's Notice of Intent], the Court finds this evidence somewhat remote (11 years prior) to the pending charges, and this evidence resulted in an acquittal by a jury of the [d]efendant's peers.

This Court finds the probative value of this evidence is substantially outweighed by its undue prejudicial effect on the [d]efendant for [Rule] 404(b) purposes. The People's Motion is denied."

¶ 8    The court made further findings regarding the State's motion to admit proof of other domestic violence acts pursuant to section 115-7.4 of the Code:

4

"The Court has considered the factors in 725 ILCS 5/115-7.4(b). This Court finds the proffered evidence involves different victims, dissimilarities to the pending charges and the remote proximity of the proffered evidence to the pending charges (18-20 years prior as outlined in paragraph 9a, 9b, 9c and 11 years as outlined in 9d [of the State's motion to admit proof of other domestic violent acts]).

This Court notes the proffered evidence in paragraph 9d [of the State's motion to admit proof of other domestic violent acts] resulted in acquittal by a jury of [d]efendant's peers.

*This Court has grave concern the cumulative nature of the proffered evidence, couple [sic] with the considerations noted above, will serve to over persuade the jury to convict the [d]efendant as a bad person instead of focusing on whether [d]efendant is guilty of the pending charges.*

*Moreover, the Court is concerned the proffered evidence will become a focal point of the trial and risk turning this case in a 'mini-trial' of [d]efendant's other crimes or bad acts.*

This Court finds the probative value of the proffered evidence is substantially outweighed by its undue prejudicial effect on the [d]efendant per [Rule] 403. The People's Motion is denied." (Emphasis added.)

¶ 9   On July 6, 2023, due to the trial court's ruling the State filed a certificate of impairment and timely notice of appeal.

¶ 10                                II. ANALYSIS

¶ 11   This court reviews the decision of whether to admit other-crimes evidence for an abuse of discretion. *People v. Donoho*, 204 Ill. 2d 159, 182 (2003). The abuse of discretion standard is "the

most deferential standard of review—next to no review at all." *In re D.T.*, 212 Ill. 2d 347, 356 (2004); *People v. McIntosh*, 2021 IL App (1st) 171708, ¶ 41. Under the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. *People v. Illgen*, 145 Ill. 2d 353, 371 (1991). As such, this court may reverse only if the trial court's ruling was unreasonable, arbitrary, or fanciful, or where no reasonable person would adopt the trial court's view. *Donoho*, 204 Ill. 2d at 182. The State's "suggestion" that the standard of review could be *de novo*, because "the interpretation of a supreme court rule or the construction of a statute is a question of law," citing *People v. Brindley*, 2017 IL App (5th) 160189, ¶ 15, and *People v. Ramirez*, 214 Ill. 2d 176, 179 (2005), is unavailing. Statutory interpretation is not at issue here; the trial court's ruling regarding the admissibility of evidence in a criminal jury trial is the issue, for which the applicable standard review is abuse of discretion, not *de novo*.

¶ 12    Evidence that a defendant has committed crimes other than the one for which he is on trial may not be admitted (with certain exceptions) for the purpose of demonstrating his propensity to commit crimes. *People v. Cerda*, 2021 IL App (1st) 171433, ¶ 96. Evidence of other crimes is admissible, however, if relevant for any purpose other than to show a defendant's propensity to commit crime. *Id.* Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Ill. R. Evid. 403 (eff. Jan. 1, 2011).

¶ 13    Here, the State sought the admissibility of the disputed evidence pursuant to both Rule 404(b) and section 115-7.4 of the Code. Section 115-7.4 states:

"§ 115-7.4. Evidence in domestic violence cases.
        (a) *** [E]vidence of the defendant's commission of another offense or offenses of domestic violence is admissible, and may be considered for its bearing on any matter to which it is relevant.

6

(b) In weighing the probative value of the evidence against undue prejudice to the defendant, the court may consider:

(1) the proximity in time to the charged or predicate offense;

(2) the degree of factual similarity to the charged or predicate offense; or

(3) other relevant facts and circumstances.

(c) In a criminal case in which the prosecution intends to offer evidence under this Section, it must disclose the evidence, including statements of witnesses or a summary of the substance of any testimony, at a reasonable time in advance of trial, or during trial if the court excuses pretrial notice on good cause shown.

(d) In a criminal case in which evidence is offered under this Section, proof may be made by specific instances of conduct, testimony as to reputation, or testimony in the form of an expert opinion, except that the prosecution may offer reputation testimony only after the opposing party has offered that testimony." 725 ILCS 5/115-7.4 (West 2022).

The State correctly asserts that section 115-7.4 was " 'modeled on the current treatment of evidence in cases of criminal sexual assault.' " *Jenk*, 2016 IL App (1st) 143177, ¶ 30 (quoting Ill. Gen. Assem., Senate Proceedings, May 28, 2007, at 47 (statements of Senator Harmon)). Although we agree with the State that this section was created as a tool for law enforcement and victims because " 'domestic violence is a recurring crime in the same way that sexual abuse and sexual assault is' " (*id.* (quoting 95th Ill. Gen. Assem., House Proceedings, Apr. 25, 2007, at 46 (statements of Representative Gordon))), we note that the legislature failed to eliminate the trial court's duty to exercise its discretion regarding the prejudicial effect of such evidence.

¶ 14    Rule 404 states:

"Rule 404.
CHARACTER EVICDENCE NOT ADMISSIBLE TO PROVE CONDUCT; EXCEPTIONS; OTHER CRIMES

(a) Character Evidence Generally. Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion except:

(1) Character of Accused. In a criminal case, evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same;

***

(b) Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove character of a person in order to show action in

7

conformity therewith except as provided by sections 115-7.3, 115-7.4, and 115-20 of the Code of Criminal Procedure (725 ILCS 5/115-7.3, 725 ILCS 5/115-7.4, and 725 ILCS 5/115-20). Such evidence may also be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

(c) In a criminal case in which the prosecution intends to offer evidence under subdivision (b), it must disclose the evidence, including statements of witnesses or a summary of the substance of any testimony, at a reasonable time in advance of trial, or during trial if the court excuses pretrial notice on good cause shown." Ill. R. Evid. 404 (eff. Jan. 1, 2011).

¶ 15 The State submitted its intent to introduce evidence of the defendant's prior offenses from 2003 to 2012 pursuant to Rule 404(b) to show absence of mistake, intent, common plan, and *modus operandi*. These were the same offenses listed in the State's motion to admit evidence pursuant to section 115-7.4 of the Code. The notice of intent to introduce evidence of other crimes, wrongs, or acts pursuant to Rule 404(b) added the 2012 incident with Kathy Stanley (where the defendant was acquitted), arguing that it also showed a common plan by the defendant to coerce complainants to recant their statements to police. The State proffered that there would be some evidence from 2012 and the current case, by way of audio recordings of phone calls the defendant made from the St. Clair County jail, where he attempted to get the victims to recant.

¶ 16 Additionally, pursuant to Rule 404(b), the State submitted another intent to introduce evidence, proffering details of an uncharged domestic incident with Amber Hart that occurred the day before the charged conduct. The State alleged that on January 6, 2023, the defendant grabbed Ms. Hart, threw her on the bed, and called her a liar; Ms. Hart would testify that this was her motive for leaving on January 7, 2023. The State asked to introduce this evidence to show the "proof of motive, the common plan" and stated that "[the current charges] could even be seen as an extension of the argument of the night before, that that was the underlying reason why Ms. Hart [told the defendant] she was leaving, was because she was getting battered the night before."

8

¶ 17     The trial court ruled in its detailed, written order that the probative value of the proffered evidence from 2003 to 2012, the proffered evidence regarding Kathy Stanley, and the proffered evidence from the day before the charged conduct, was substantially outweighed by its undue prejudicial effect.

¶ 18     The State contends that any prejudicial effect of this evidence would be diminished by presenting certified copies of convictions for the prior domestic acts, which would avoid "march[ing]" a "litany" of prior victims in front of the jury.[1] However, if these convictions were admitted into evidence, the defendant would have the opportunity, if not the obligation, to call the named victims as witnesses in his defense if pretrial discovery revealed that their testimony would be beneficial. This scenario is precisely the sort of "mini-trial" the trial court sought to avoid.

¶ 19     Here, the trial court clearly considered numerous factors in reaching its decision to preclude the State from presenting other-crimes evidence pursuant to Rule 404(b) and section 115-7.4 of the Code, and nothing in the record leads us to conclude that the trial court's ruling was unreasonable, arbitrary, or fanciful, or that no reasonable person would adopt the trial court's view. *Donoho* 204 Ill. 2d 159, 182 (2003). The trial court conducted a lengthy and thorough discussion with the State and the defendant's attorney during the hearing on the State's requests to introduce the other-crimes evidence. Following that hearing, the trial court issued a written order, which included specific reasons in support of its finding that the probative value of the proffered evidence, though relevant, was substantially outweighed by its prejudicial effect. We find that the trial court correctly surmised that if this other-crimes evidence was admitted into evidence, the jury would have spent more time selecting a foreperson than returning a guilty verdict.

---

[1]The trial court used that characterization during the hearing on the State's motions.

9

¶ 20                          III. CONCLUSION

¶ 21    For the above reasons, we affirm the trial court's July 5, 2023, order which precluded the

State from presenting other-crimes evidence pursuant to Rule 404(b) and section 115-7.4 of the

Code.

¶ 22    Affirmed.