*In re* DOROTHY W., Alleged to be a Person in Need of Involuntary Psychotropic Medication (The People of the State of Illinois, Petitioner-Appellee, v. Dorothy W., Respondent-Appellant).

Second District   No. 2—97—0349

Opinion filed March 19, 1998.

Teresa L. Berge, of Guardianship & Advocacy Commission, of Rockford, Patricia Werner, of Guardianship & Advocacy Commission, of Des Plaines, and William E. Coffin and John B. Lower, both of Guardianship & Advocacy Commission, of Chicago, for appellant.

David R. Akemann, State's Attorney, of St. Charles (Martin P. Moltz and Diane L. Campbell, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE GEIGER delivered the opinion of the court:

The respondent, Dorothy W., timely appeals from the circuit court's order of February 21, 1997, authorizing the involuntary administration of psychotropic medication to the respondent for up to

90 days pursuant to section 2—107.1 of the Mental Health and Developmental Disabilities Code (Code) (405 ILCS 5/2—107.1 (West 1996)). Following an evidentiary hearing on the petition to administer medication involuntarily, the court concluded that the State met its burden of showing, with clear and convincing evidence, that respondent did not have the capacity to make a reasoned decision whether the benefits of the medication outweighed its harm. The court stated its findings based on its consideration of the appropriate factors enumerated in section 2—107.1(a)(4) of the Code. 405 ILCS 5/2—107.1(a)(4) (West 1996). We affirm.

On appeal, the respondent argues that this court should adopt a *de novo* standard of review rather than the "manifestly erroneous" standard in reviewing this case and that the decision below merely involves a question of law. We disagree. This case involves the application of the appropriate legal standards to the disputed facts regarding the respondent's need for medication and her capacity to make a reasoned decision with respect to the advantages and disadvantages of taking the medication. The State must demonstrate, by means of clear and convincing evidence, the statutory bases for medicating the respondent involuntarily. *In re Israel*, 278 Ill. App. 3d 24, 35 (1996) (applying manifestly erroneous standard). The testimony was conflicting, and the court's decision is based on its findings of fact. The trial court chose to believe the testimony of the treating physician and enumerated its factual findings and its legal conclusions.

■ The "manifestly erroneous" standard is well established in Illinois, and we see no compelling reason to alter it. In this type of case, a reviewing court will give great deference to the trial court's factual findings because the trial court stands in the best position to weigh the credibility of the witnesses. A reviewing court will not reverse a trial court's decision merely because it might have come to a different conclusion; instead, the reviewing court will reverse the decision of the trial court only if it is manifestly erroneous. *Israel*, 278 Ill. App. 3d at 35; *In re Kness*, 277 Ill. App. 3d 711, 718 (1996); *In re Schaap*, 274 Ill. App. 3d 497, 502 (1995); *In re Jeffers*, 239 Ill. App. 3d 29, 35 (1992). This is the standard we apply.

■ The respondent next argues that the State failed to meet its burden of proof in showing the need for involuntary medication and the State failed to overcome the presumption that the respondent was competent to make medical decisions for herself. Again, we disagree.

The trial court found that the respondent refused to receive the medication but could not articulate a reasoned decision for the

refusal; she did not understand the risk/benefit analysis. She had never before complained of side effects and had merely refused because she was "not arrested on a mental case." The record discloses that her testimony was sometimes rambling or unresponsive to some of the questions posed and conflicted with that of the treating physician.

The treating physician testified that the respondent was diagnosed as a paranoid schizophrenic. She refused even to listen to his attempts to have her consider the benefits of the medication. She was charged with aggravated battery and attempted murder and had been found unfit to stand trial. She deteriorated after her previous medications were discontinued because of a legal time limitation. She became "isolative" and verbally aggressive with staff and peers and suffered wide mood swings. The physician and nurses regularly monitored her for side effects and had not observed any, nor had she complained of any.

The court found that the respondent had deteriorated in her ability to function; this deterioration was marked by her disruptive and aggressive behavior and her becoming "isolative." The less restrictive alternatives of individual and group therapy had been attempted but had not changed her condition. The court determined that the benefits of medication outweighed the harm despite the respondent's belated claim that the medication made her groggy or zombie-like.

Based on our careful review of the record, we cannot say that the trial court's decision to authorize the administration of the medication was manifestly erroneous or that there was any error committed that was "clearly evident, plain, and undisputable." *Kness*, 277 Ill. App. 3d at 718.

For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

BOWMAN and THOMAS, JJ., concur.