18 June 1999

No. 2--98--0378

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

In re
 JANET S., Alleged to        ) Appeal from the Circuit Court

be a Person in Need of    ) of Kane County.

Involuntary Psychotropic    )

Medication    ) No. 98--MH--55

    )          

(The People of the State of       ) 

Illinois, Petitioner-Appellee,    ) Honorable  

v. Janet S., Respondent-          ) Karen Simpson,

Appellant).                       ) Judge, Presiding.              ________________________________________________________________

JUSTICE McLAREN delivered the opinion of the court:          

Respondent, Janet S., appeals from the trial court's order granting the State's petition for involuntary administration of psychotropic mediation.  We reverse. 

Janet was charged with aggravated battery and disorderly conduct but was found unfit to stand trial.  She was then held at the Elgin Mental Health Center (EMHC).  On December 12, 1997, an order for involuntary administration of psychotropic medication was entered.  As that order was about to expire, a new petition was filed pursuant to section 2--107.1 of the Mental Health and Developmental Disabilities Code (the Code) (405 ILCS 5/2--107.1 (a) (West 1996)).  A hearing on the petition was held on March 13, 1998, during which only one witness, Dr. Jacqueline Jordan, a psychiatrist at the EMHC, testified.  The court found that the evidence of the need to administer psychotropic medication against Janet's will was clear and convincing and ordered the administration of the medication for up to 90 days.  This appeal followed.

Janet first contends that the court order authorizing the involuntary administration of psychotropic medication must be reversed because the petition seeking the order did not allege that a good-faith effort had been made to determine whether Janet had executed an advance directive for health care.  Section 2--

107.1(a)(1) of the Code provides in part that a petition for involuntary administration of psychotropic drugs "shall state that the petitioner has made a good faith attempt to determine whether the recipient has executed a power of attorney for health care *** treatment under the Mental Health Treatment Preference Declaration Act and to obtain copies of these instruments if they exist."  405 ILCS 5/2--107.1(a)(1) (West Supp. 1997).  This court has held that the Code's procedural safeguards are not mere technicalities but essential tools to safeguard the liberty interests of respondents in mental health cases.  See 
In re Rovelstad
, 281 Ill. App. 3d 956, 964 (1996) (analyzing Code procedures regarding involuntary admissions).  The threat to an individual's liberty interest posed by involuntary administration of psychotropic medication is as grave as that posed by involuntary admission to a mental health facility; therefore, we will strictly construe procedural safeguards in favor of the respondent.  See 
Rovelstad
, 281 Ill. App. 3d at 965.

The State argues that Janet has waived this issue, as she did not object at the time of the hearing.  However, waiver is a limitation on the parties, not on the court, and a reviewing court may ignore waiver in order to achieve a just result.  
In re DeLong
, 289 Ill. App. 3d 842, 844 (1997).  Because of the important liberty interests involved, we decline to find waiver of this issue. 

We conclude that the State's failure to allege a good-faith effort to determine whether Janet had executed a power of attorney is reversible error.  We cannot condone the ignoring of clear statutory requirements.  The State argues that it is the respondent's obligation under section 4--7 of the Illinois Power of Attorney Act (755 ILCS 45/4--7 (West 1996)) to notify the health care provider of the existence of a health directive.  Had she done so in this case, the directive would have been in Janet's file, and Dr. Jordan would have been obliged to reveal its existence.  However, Janet's compliance with that statute is not relevant to this case.  Whether a power of attorney actually exists is also irrelevant.  The burden is on the State to make a good faith effort to determine if such a document exists.  If none was found because of a respondent's failure to follow the statute, the failure to find it would not be held against the State.  The statute merely requires that the State make a good faith effort to find it.  Here, the State has failed to allege that it made such an effort.  There is no evidence that 
any
 effort
 was made to find such a document.  To conclude that this omission is harmless error could encourage the State to avoid looking for such documents and then argue after the fact that such a search would have been a waste of time.  The State cannot be allowed to pick and choose which statutory procedures it will follow.  The liberty interests of people about to be medicated against their wills is too great.  The State's petition did not conform to the statutory requirements.  Therefore, the court's order mandating involuntary administration of psychotropic drugs must be reversed.

Because of our disposition of Janet's first issue, we need not address the remaining issues.

For these reasons, the judgment of the circuit court of Kane County is reversed.

Reversed.

RAPP and GALASSO, JJ., concur.