No. 2--00--0928

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

In re
 CYNTHIA S., Alleged      ) Appeal from the Circuit Court

to be a Person in Need of      ) of Kane County.

Authorized Involuntary   )

Treatment                      ) 

) No. 00--MH--271

)

(The People of the State of    )          

Illinois, Petitioner-Appellee, ) Honorable                  

v. Cynthia S., Respondent-     ) Roger W. Eichmeier,

Appellant).                    ) Judge, Presiding.

_________________________________________________________________

JUSTICE McLAREN delivered the opinion of the court:

Cynthia S. was a mental health patient.  Her psychiatrist filed a petition pursuant to the Mental Health and Developmental Disabilities Code (Mental Health Code or Code) seeking a court order authorizing the involuntary administration of nonemergency psychotropic medication.  405 ILCS 5/2--107.1 (West 2000). The matter proceeded to an evidentiary hearing.  The trial court found that respondent was a person who qualified for the involuntary administration of psychotropic medication.  The trial court entered a preprinted, typewritten order that respondent "shall receive psychotropic medication (including the necessary lab work and medical examinations) to be administered by the Illinois Department of Human Services for a period not to exceed 90 days, by those staff whose license allows them to administer psychotropic medication pursuant to Illinois law."  The order further reflected the medications and doses that could be administered.  On appeal, respondent asserts that the judgment must be reversed because the order did not specify the persons authorized to administer the medication.  We reverse.

At the outset, we determine that this case is moot.  
In re Nancy M.
, 317 Ill. App. 3d 167, 172 (2000).  The trial court's order granting the involuntary administration of psychotropic medication was entered on July 28, 2000.  The terms of the order limited the duration of the administration of medication to 90 days.  This time has since passed.  At this point, respondent could be forced to take psychotropic medication against her will only if a new petition were filed and a new hearing conducted.  The original judgment no longer has any force or effect.  

However, when a challenged action is of short duration and is " 'capable of repetition, yet evading review,' " it may be reviewed on the merits, even if otherwise moot, if (1) the duration of the challenged action is too short to be fully litigated prior to its cessation; and (2) there is a reasonable expectation that respondent would be subjected to the same action again.  
In re Barbara H.
, 183 Ill. 2d 482, 491 (1998), quoting 
In re A Minor
, 127 Ill. 2d 247, 258 (1989).  Both criteria are satisfied here.  By statute, psychotropic medication cannot be administered involuntarily for more than 90 days without an additional hearing.  405 ILCS 5/2--107.1(a)(5) (West 2000).  This period of time is far too brief to permit appellate review.  In virtually every case, the challenged medication orders would expire before appellate review was completed, as occurred here.  To apply the mootness doctrine under such circumstances would deprive recipients of involuntary administration of psychotropic medication of legal recourse in challenging the trial court's orders and render the right to appeal as provided by the Mental Health Code a nullity. 405 ILCS 5/3--816 (West 2000).  

The second requirement to apply the exception to the mootness doctrine is also present.  Although respondent's current status is not revealed by the record filed on appeal, it does indicate that she was diagnosed with a schizo-affective disorder of a bipolar type and exhibited numerous associated symptoms.  Additionally, she refused to take psychotropic medications and suffered from a deterioration in her ability to function.  Given this history, it is reasonable to expect that another petition may be filed against respondent in the future.  Therefore, we will address the issue on the merits.

Respondent contends that the trial court's order authorizing the administration of medications must be reversed because it failed to name specific individuals authorized to administer the medication as required by section 2--107.1 of the Act.  This issue was considered in 
In re Miller
, 301 Ill. App. 3d 1060 (1998).  There, the trial court entered an order that unidentified staff members at Zeller Mental Health Center or Provena United Samaritans Medical Center were to administer psychotropic medication to respondent for a period not to exceed 90 days.  On appeal, the court agreed that an order for the administration of involuntary treatment should designate and specifically name individuals authorized to administer such treatment.  However, the court found that respondent failed to preserve such error for review by failing to object when the order was entered, the evidence showed that respondent's physician was intimately familiar with his treatment, and respondent did not assert that he was prejudiced by such omissions.

While we agree with 
Miller
's determination that the order should have been more specific, we do not agree with Miller's conclusion that no prejudice occurred.  As in 
Miller
, the record here does not reflect that respondent objected to the form of the order when it was entered.  Additionally, from her brief, it does not appear that respondent has claimed actual prejudice as a result of the form of the order. Nevertheless, under the plain error doctrine, this court may address a waived issue if the evidence is closely balanced or the error affects substantial rights.  134 Ill. 2d R. 615(a);  
People v. McVeay
, 302 Ill. App. 3d 960, 966 (1999). Fundamental liberty interests are involved in the involuntary administration of medication for mental health purposes.  
In re Barbara H
., 183 Ill. 2d at 498, citing 
Cooper v. Oklahoma
, 517 U.S. 348, 368-69, 134 L. Ed. 2d 498, 515, 116 S. Ct. 1373, 1384 (1996).  Because of the important liberty interests involved, we will consider this issue on the merits under the plain error exception to the general waiver rule. See, 
e.g.
,
 
In re Rovelstad
 281 Ill. App. 3d 956 (1996); 
In re Len P.
, 302 Ill. App. 3d 281 (1999). 

Section 2--107.1 of the Mental Health Code contains the following requirement for the written court order authorizing the involuntary administration of psychotropic medication:

"An order issued *** shall designate the persons authorized to administer the authorized involuntary treatment under the standards and procedures of this subsection (a--5).  Those persons shall have complete discretion not to administer any treatment authorized under this Section."  405 ILCS 5/2--107.1 (a)(6) (West 2000).  

Here, the preprinted order read, in pertinent portion:

"The petition is granted, and Cynthia [S.] shall receive psychotropic medication (including the necessary lab work and medical examinations) to be administered by the Illinois Department of Human Services for a period not to exceed 90 days, by those staff whose license allows them to administer psychotropic medication pursuant to Illinois law." 

In 
Miller
, the court explained that the practice of designating specific persons authorized to administer treatment involuntarily on court orders reflects the "legislature's concern about the 'substantially invasive nature of psychotropic substances and their significant side effects.' "  
Miller
, 301 Ill. App. 3d at 1072, quoting 
In re C.E.
, 161 Ill. 2d 200, 214 (1994).  In the court's view, the requirement serves to "ensure that only a limited number of designated--and presumably well-trained--individuals will be able to administer these powerful drugs, pursuant to a court order, to an unwilling recipient."  
Miller
, 301 Ill. App. 3d at 1072.

We agree with this analysis.  The term "administer" as utilized in the Code is broad.  Due to the sweeping manner in which this term is utilized, it is clear that the legislature intended it to encompass the entire process by which an individual receives medication on an involuntary basis, including the act of prescribing the medication.  Requiring the court order authorizing involuntary administration of psychotropic medication to specifically list named individuals authorized to administer such medication ensures involvement by a qualified professional familiar with respondent's individual situation and health status.  By requiring the order to name specific health case professionals involved in respondent's care, the statute serves to protect the individual in that only a limited and specific number of qualified persons will provide consent to such treatment on respondent's behalf.  In our view, this requirement is consistent with the purpose behind the Code.  

In mental health cases, strict compliance with statutory provisions is compelling, as liberty interests are involved.  The Code's procedural safeguards are not mere technicalities, but essential tools to safeguard liberty interests of mental health patients.  
In re Janet S.
, 305 Ill. App. 3d 318, 320 (1999).  Thus, procedural safeguards are construed strictly in favor of the respondent. 
Janet S.
, 305 Ill. App. 3d at 320.  The failure to comply with procedural rules requires the reversal of court orders authorizing involuntary treatment.  See 
In re Michael D.
, 306 Ill. App. 3d 25, 27 (1999).

Here, the order did not specifically designate individual persons authorized to administer psychotropic medication to respondent.  The order is unduly vague in that it authorizes virtually anyone with the proper license to administer the psychotropic drugs, regardless of that person's prior involvement with or knowledge of respondent's case.  The order does not comply with the Code and must be reversed.  Were we to conclude that there was error and no resulting prejudice, we would essentially emasculate the portion of the statute in contention.

Nevertheless, the administration of the medication has been terminated according to the terms of the trial court's order.  A remand is not in order since the proceedings have concluded.  A new petition and hearing must proceed if the State or respondent's physician seeks to administer additional psychotropic medication to respondent against her will.  
Barbara H.
, 183 Ill. 2d at 498.  

The judgment of the circuit court of Kane County is reversed.

Reversed.

GEIGER and CALLUM, JJ., concur.