No. 2--05--0648                                      original filed: 7/5/06
modified filed: 1/5/07

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| In re LESLIE H., Alleged to be a Person in | ) | Appeal from the Circuit Court |
| Need of Authorized Involuntary Treatment | ) | of Kane County. |
| | ) | |
| | ) | No. 05--MH--55 |
| | ) | |
| (The People of the State of Illinois, | ) | Honorable |
| Petitioner-Appellee, v. Leslie H., | ) | James C. Hallock, |
| Respondent-Appellant). | ) | Judge, Presiding. |

_____

Modified Upon Denial Of Rehearing

JUSTICE GILLERAN JOHNSON delivered the opinion of the court:

The respondent, Leslie H., was charged with telephone harassment (720 ILCS 135/1--1 (West 2004)) in Cook County. During those proceedings, she was found unfit to stand trial (see 725 ILCS 5/104--10 (West 2004)), and she subsequently was admitted to the Elgin Mental Health Center (EMHC). During her stay there, her treating psychiatrist petitioned to involuntarily administer psychotropic medication, claiming, among other things, that the respondent could become harmful to herself or others and that she exhibited suffering and a deterioration in her ability to function. The Kane County public defender was appointed to represent the respondent on the petition to involuntarily administer psychotropic medication. The respondent's criminal defense attorney in the telephone harassment case was never notified of the petition. During the proceedings on the petition, the trial court inquired whether the Kane County public defender took issue with service of the

petition. The assistant Kane County public defender advised the trial court that she did not challenge such service. Following a hearing, the trial court granted the petition. The respondent timely appeals, contending that, pursuant to section 2--107.1(a-5)(1) of the Mental Health and Developmental Disabilities Code (Code) (405 ILCS 5/2--107.1(a-5)(1) (West 2004)), the trial court's order authorizing the administration of psychotropic medication must be reversed because her criminal defense attorney was not notified of the petition. We agree, and, thus, we reverse.

Before considering the merits of this appeal, we address two preliminary matters. Specifically, we consider whether the issue the respondent raises on appeal is moot and whether the respondent waived review of that issue.

We first address whether the issue is moot. The issue the respondent advances on appeal could be considered moot, as an order authorizing the involuntary administration of psychotropic medication shall not be effective for more than 90 days, the 90 days have long since past, and, thus, the trial court's order granting the petition no longer has any force or effect. In re Robert S., 213 Ill. 2d 30, 45 (2004). Nevertheless, we choose to consider the issue pursuant to the public interest exception to the mootness doctrine. Robert S., 213 Ill. 2d at 45 (public interest exception to mootness doctrine applies if (1) the question raised is of a public nature; (2) an authoritative determination on the issue raised could help guide public officers; and (3) it is likely that the issue will recur).

Second, we consider whether the issue is waived. Citing In re Splett, 143 Ill. 2d 225 (1991), the State contends that the respondent waived review of whether notice of the petition should have been served on her criminal defense attorney, because she did not raise that issue in the trial court. In Splett, the issue presented to our supreme court was whether reversal of an order granting the

involuntary administration of psychotropic medication must be reversed when the respondent did not receive formal notice of the proceedings. Splett, 143 Ill. 2d at 227. In finding that formal notice is not necessary if the respondent receives actual notice of the petition, our supreme court noted that reversal of an order granting a petition to involuntarily administer psychotropic medication is not required if the respondent and his attorney took part in the proceedings on the merits and never challenged a procedural defect to which an objection could and should have been immediately made, the procedural defect could have been cured easily if a timely objection had been made, and the procedural defect made no difference in the end result. Splett, 143 Ill. 2d at 230-31.

This case simply is not analogous to Splett. Although here, as in Splett, the respondent and her attorney took part in the proceedings on the merits and never challenged the lack of service to the respondent's criminal defense attorney, which could have been easily cured if objected to, the result of the proceedings could indeed affect the respondent's criminal case. See Robert S., 213 Ill. 2d at 57. In any event, to the extent that the respondent waived the issue by failing to challenge service of the petition, waiver is a limitation on the parties and not the courts, and, in order to achieve a just result, a reviewing court may ignore waiver especially in a case where the State seeks to involuntarily administer psychotropic medication. See In re Janet S., 305 Ill. App. 3d 318, 320 (1999). Thus, we choose to address the merits of this appeal.

Turning to the merits, the issue raised on appeal is whether the respondent's criminal defense attorney was entitled to notice of the petition to involuntarily administer psychotropic medication. Because this issue requires us to decide whether compliance with section 2--107.1(a-5)(1) of the Code was had, our review is de novo. See In re M.A., 293 Ill. App. 3d 995, 998-99 (1997) (court reviewed de novo whether the respondent's right to a jury trial, as guaranteed by section 3--802 of

the Code (405 ILCS 5/3--802 (West 1996)), was waived). Section 2--107.1(a-5)(1) of the Code delineates who shall be served with notice of a petition to involuntarily administer psychotropic medication. Specifically, that section provides, in pertinent part:

"The petitioner shall deliver a copy of the petition, and notice of the time and place of the hearing, to the respondent, his or her attorney, any known agent or attorney-in-fact, if any, and the guardian, if any, no later that 3 days prior to the date of the hearing." 405 ILCS 5/2--107.1(a-5)(1) (West 2004).

The question then becomes whether a respondent's criminal defense attorney falls into one of the categories of individuals who must be notified of a petition to involuntarily administer psychotropic medication. Our supreme court addressed this precise issue in Robert S.

In Robert S., the respondent was found unfit to stand trial on unknown charges. Robert S., 213 Ill. 2d at 32. He was subsequently admitted to the EMHC, and, during his stay there, his treating psychiatrist petitioned to involuntarily administer psychotropic medication because, among other things, the respondent exhibited a deterioration in his ability to function, suffering, and threatening behavior. Notice of the petition was never served on the respondent's criminal defense attorney. Following a hearing at which the respondent represented himself, the trial court granted the petition to involuntarily administer psychotropic medication.

On appeal, our supreme court considered, among other things, whether, pursuant to section 2--107.1(a-5)(1) of the Code, the respondent's criminal defense attorney was entitled to notice of the petition to administer psychotropic medication. The court determined that the respondent's criminal defense attorney was due such notice because, at the very least, that attorney was the respondent's

agent, and, as such, the plain language of section 2--107.1(a-5)(1) required that notice be served on him or her. Robert S., 213 Ill. 2d at 57. In reaching that conclusion, the court noted:

"Respondent came to be in a mental health facility because he was found unfit to stand trial in a criminal proceeding. In that proceeding, he was represented by an attorney. All of the parties to this action were aware of that proceeding Although the purpose of the *** proceeding [to involuntarily administer psychotropic medication] was to determine whether psychotropic medication should be forced upon respondent for his own benefit and/or the safety of those around him, ultimately, [the resolution of the petition] may [raise] consequences pertinent to the pending criminal matter." Robert S., 213 Ill. 2d at 56-57.

Here, the State and the respondent agree that all of the parties to the proceedings were aware that counsel represented the respondent on the charge of telephone harassment. Section 2--107.1(a-5)(1) of the Code mandates that an agent for the respondent must be given notice of a petition seeking to involuntarily administer psychotropic medication, and our supreme court has determined that a respondent's criminal defense attorney falls into this category. Thus, the respondent's criminal defense attorney was entitled to notice of the petition.

Moreover, such notice was not an empty formality. As noted, the result of a petition to involuntarily administer psychotropic medication may affect a respondent's pending criminal case. Indeed, granting a petition to involuntarily administer psychotropic medication could lead to a respondent's fitness to stand trial, which would dramatically change the course of a respondent's criminal case. See 725 ILCS 5/104--21(a) (West 2004) (a respondent who is receiving psychotropic medication is not presumed unfit solely because the respondent is taking psychotropic medication); People v. Ralon, 211 Ill. App. 3d 927, 938 (1991) ("[t]he use of prescribed medication to render a

defendant fit to stand trial has been approved; the reliance on such medication does not raise a <u>bona fide</u> doubt of lack of fitness").

The State claims that the Cook County public defender represented the respondent during the proceedings on the telephone harassment charge, and, therefore, pursuant to <u>People v. Young</u>, 153 Ill. 2d 383 (1992), notice of the petition served on the Kane County public defender could be imputed to the respondent's criminal defense attorney. We disagree. Even if we accept the State's claim that the Cook County public defender represented the respondent during the telephone harassment proceedings, a contention that the record does not support, <u>Young</u> is clearly distinguishable and, thus, not persuasive. See <u>Young</u>, 153 Ill. 2d at 389 (court considered whether the defendant's invocation of his fifth and sixth amendment right to counsel to Wisconsin authorities could be imputed to Chicago authorities so that Chicago authorities were prohibited from questioning the defendant). Nevertheless, our own research uncovered a case that we believe is helpful in resolving the State's imputation argument. See <u>People v. Ramirez</u>, 344 Ill. App. 3d 296 (2003).

In <u>Ramirez</u>, this court considered whether the defendant's attorney's knowledge of the defendant's trial date could be imputed to the defendant when notice of the trial date was not sent to the defendant by certified mail, as required by section 115--4.1(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/115--4.1(a) (West 1992)). <u>Ramirez</u>, 344 Ill. App. 3d at 300. We concluded that the defendant's attorney's knowledge of the trial date could not be imputed to the defendant, because to do so would emasculate the clear statutory protections and would mandate that a trial <u>in absentia</u> is proper whenever counsel represents the defendant. <u>Ramirez</u>, 344 Ill. App. 3d at 300-01.

Here, as in <u>Ramirez</u>, if knowledge of the petition to involuntarily administer psychotropic medication were imputed to the Cook County public defender, the protections that section 2--

107.1(a-5)(1) of the Code provides would be fundamentally altered and improperly limited, as the State would not need to serve notice of the petition on the respondent's criminal defense attorney (the respondent's agent) even though a different attorney (albeit still a public defender) represents the respondent on the petition to involuntarily administer psychotropic medication. This certainly would run afoul of the clear dictates of section 2--107.1(a-5)(1) of the Code, which we must construe in the respondent's favor. Janet S., 305 Ill. App. 3d at 320. Moreover, in such a situation, the respondent's criminal case could be needlessly delayed, as the respondent's criminal defense attorney would not be privy to the respondent's involuntary treatment, and, as noted, such involuntary treatment could lead to the respondent's fitness to stand trial. Based on these facts, we simply cannot conclude that notice of the petition can be imputed to the Cook County public defender.

In reaching this conclusion, we note that the State petitioned for a rehearing and sought to supplement the record with evidence that Lee Carson, who worked for the Cook County public defender, was given notice of the petition to involuntarily administer psychotropic medication to the respondent. We simply cannot consider such evidence.

Supreme Court Rule 367(b) (210 Ill. 2d R. 367(b)) governs petitions for rehearing, and it provides, in pertinent part, as follows:

"The petition shall state briefly the points claimed to have been overlooked or misapprehended by the court." (Emphasis added.) 210 Ill. 2d R. 367(b).

New evidence that the State neglected to present in advancing its case does not fall within the rule's parameters. See Ad-Ex, Inc. v. City of Chicago, 207 Ill. App. 3d 163, 180 (1990) (denying petition for rehearing in which party sought to submit copies of city council proceedings as evidence that opposing party was given notice of proposed construction of signs); see also Catalano v. Pechous,

69 Ill. App. 3d 797, 813 (1978). Rather, a rehearing on an appeal can be granted only for purposes of correcting errors that the court has made, and the party seeking a rehearing cannot assign as error points or arguments that could have been raised before the appeal was resolved. Ad-Ex, 207 Ill. App. 3d at 180.

Here, the evidence that the State wishes us to consider, i.e., the notice that was mailed to Lee Carson, was available to the State during the course of the trial and during the preparation of the appeal. Given these facts, we must deny the State's petition for rehearing and, consequently, its motion to supplement the record.[1] See Catalano, 69 Ill. App. 3d at 813.

Thus, for these reasons, the judgment of the circuit court of Kane County is reversed.

Reversed.

HUTCHINSON and BYRNE, JJ., concur.

---

[1] In any event, we observe that the notice does not identify Lee Carson as the respondent's criminal defense attorney.