No. 2--06--1244     Filed: 1-14-08

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| In re JONATHAN P., Alleged to be a Person Subject to Involuntary Admission | ) ) ) ) ) ) ) ) ) ) | Appeal from the Circuit Court of Kane County. |
| | | No. 06--MH--178 |
| (The People of the State of Illinois, Petitioner-Appellee, v. Jonathan P., Respondent-Appellant). | | Honorable James C. Hallock, Judge, Presiding. |

JUSTICE HUTCHINSON delivered the opinion of the court:

Respondent, Jonathan P., appeals from the trial court's order authorizing the involuntary administration of psychotropic medication to him for up to 90 days pursuant to section 2--107.1 of the Mental Health and Developmental Disabilities Code (the Code) (405 ILCS 5/2--107.1 (West 2006)). Respondent contends that the order should be reversed because it fails to comply with the Code in that it does not name the persons authorized to administer the medication. The State confesses error. We reverse.

On December 8, 2006, respondent's psychiatrist at the Elgin Mental Health Center filed a petition requesting authorization to administer involuntary medication to respondent. Following an evidentiary hearing, the trial court concluded that the State met its burden of showing, with clear and convincing evidence, that respondent was in need of involuntary medication. The trial court's order

authorizing involuntary treatment did not specify who was to administer the medication. Respondent timely appeals.

Initially, we note that the trial court's order was effective for no more than 90 days and thus has expired, making this case moot. However, as the issue presented is " 'capable of repetition, yet evading review' " (In re Barbara H., 183 Ill. 2d 482, 491 (1998), quoting In re A Minor, 127 Ill. 2d 247, 258 (1989)), we consider respondent's appeal.

Respondent argues that the trial court's order violated section 2--107.1 of the Code because it did not designate the persons authorized to administer medication. See 405 ILCS 5/2--107.1(a-5)(6) (West 2006). Section 2--107.1(a-5)(6) provides that an order authorizing the administration of psychotropic medication "shall designate the persons authorized to administer the authorized involuntary treatment under the standards and procedures of this subsection." 405 ILCS 5/2--107.1(a-5)(6) (West 2006). The purpose of this requirement is to ensure involvement by a qualified professional familiar with the respondent's individual situation and health status. In re Cynthia S., 326 Ill. App. 3d 65, 68-69 (2001). Because the involuntary administration of medication affects important liberty interests, strict compliance with statutory procedures is required. In re Lisa G.C., 373 Ill. App. 3d 586, 590 (2007). Thus, the failure to name specific individuals who are authorized to administer the medication warrants reversal. Cynthia S., 326 Ill. App. 3d at 69. Although respondent failed to raise this issue in the trial court, important liberty interests are involved and, therefore, we address it as plain error. See 134 Ill. 2d R. 615(a); In re Richard C., 329 Ill. App. 3d 1090, 1094 (2002); Cynthia S., 326 Ill. App. 3d at 68.

The parties dispute the applicable standard of review. It is true that, on review, the trial court's factual findings are entitled to great deference because the trial court stands in the best

position to weigh the credibility of the witnesses; thus, the trial court's factual findings will be reversed only if they are manifestly erroneous. See In re Christopher P., 342 Ill. App. 3d 336, 341 (2003) (applying "manifestly erroneous" standard to the trial court's factual findings); see also In re Dorothy W., 295 Ill. App. 3d 107, 108 (1998) (same). However, here we are not asked to review the trial court's factual findings but rather to decide whether its order strictly complied with the statute. This presents a question of law, which we review de novo. See Lisa G.C., 373 Ill. App. 3d at 590 (whether the State strictly complied with the procedural requirements of the Code is a question of law to be reviewed de novo); In re Leslie H., 369 Ill. App. 3d 854, 856 (2006) (same).

Here, it is uncontroverted that the order fails to designate who is authorized to administer psychotropic medication to respondent. Therefore, the order does not comply with the Code and must be reversed. See Richard C., 329 Ill. App. 3d at 1094. A remand is not necessary, since the administration of medication has been terminated according to the terms of the order. Richard C., 329 Ill. App. 3d at 1094.

The judgment of the circuit court of Kane County is reversed.

Reversed.

BYRNE, P.J., and BOWMAN, J., concur.