NOTICE

Decision filed 04/14/10. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

CONSOLIDATED NO. 5-08-0317

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| *In re* ERIC H., Alleged to Be a Person Subject to Involuntary Administration of Psychotropic Medication | ) Appeal from the Circuit ) Court of Randolph County. ) ) Nos. 08-MH-95 & 08-MH-164 |
| (The People of the State of Illinois, Petitioner-Appellee, v. Eric H., Respondent-Appellant). | ) ) Honorable William A. Schuwerk, Jr., ) Judge, presiding. |

_____

PRESIDING JUSTICE GOLDENHERSH delivered the opinion of the court:

In the circuit court of Randolph County, successive petitions were filed under the Mental Health and Developmental Disabilities Code (Mental Health Code) (405 ILCS 5/2-107.1 (West 2008)), requesting the involuntary administration of psychotropic medications to respondent, Eric H. The circuit court granted both petitions. Eric H.'s appeals were consolidated. On appeal, Eric H. contends that the petitions were defective because no notice was provided to his counsel in the circuit court where he had been acquitted by reason of insanity. We vacate the orders.

FACTS

At the time he filed these appeals, Eric H. was a patient at the Chester Mental Health Center. On May 15, 2008, a psychiatrist filed a petition for the administration of authorized involuntary treatment, alleging that Eric H. had refused to submit to treatment by pyschotropic medication and that he lacked the capacity to give informed consent (Randolph County No. 08-MH-95). The petition stated that Eric H. had been transferred from the Sangamon County jail as a not-guilty-by-reason-of-insanity patient. The petition noted as follows: "Legal Status: NGRI for Bank Robbery. *Thiem* date is 12/2008."

1

On the date the petition was filed, the circuit court entered an order setting the matter for a hearing and appointing a public defender to represent Eric H. The order had a box checked requiring the following: "2. Notice of the time and place of hearing shall be sent by the Clerk of the Court to all required and appropriate persons."

On May 28, 2008, the court heard argument on the petition. The hearing ended with the following colloquy:

"[ERIC H.:] I was going to say one more thing, that my legal attorney on my petition for discharge has never been notified of these proceedings.

THE COURT: I don't see any petition for discharge in this file, [Eric H.].

[ERIC H.:] That–that petition for discharge is in Sangamon County.

THE COURT: Oh.

[ERIC H.:] And my attorney there, Brian Otwell, has never been notified of this proceeding here.

THE COURT: Well, you need to notify your attorney in Sangamon County, then."

The court granted the petition authorizing the involuntary administration of specified medications for up to 90 days. Eric H. appealed.

On August 14, 2008, the same psychiatrist filed another petition requesting authorization to administer medication for another 90 days (Randolph County No. 08-MH-164). The petition contained the same language on identifying information, legal status, and the reason for admission as the previous petition. On that day, the court entered an order of hearing marking the same box for the notice requirements and appointing the same public defender. On August 20, 2008, the court conducted a hearing on the petition. At the hearing, Eric H. stated as follows:

"And my attorney for the [p]etition for [d]ischarge, because I filed a [p]etition for

2

[d]ischarge, was never notified of these court hearings."

The court entered an order authorizing involuntary treatment for another 90 days. Eric H. appealed, and this court consolidated the appeals.

ANALYSIS

The appeal is moot. The 90-day period from the last order has expired. As a general rule, this court does not consider moot questions. *In re Michael H.*, 392 Ill. App. 3d 965, 969, 912 N.E.2d 703, 707 (2009).

Nonetheless, this appeal presents an issue of public interest that calls for an authoritative determination. *In re Larry B.*, 394 Ill. App. 3d 470, 471, 914 N.E.2d 1243, 1244 (2009). The public-interest exception allows a court of review to consider an otherwise moot case when (1) the issue presented for review is of a public nature, (2) an authoritative determination would provide guidance to public officers, and (3) the question is likely to reoccur. *In re Michael H.*, 392 Ill. App. 3d at 969, 912 N.E.2d at 707.

The issue of the notification of Eric H.'s counsel is an issue of substantial public concern. Unlike sufficiency-of-the-evidence claims, this issue has broad implications for the administration of justice–touching upon both proceedings for involuntary commitment and the rights of defendants found not guilty by reason of insanity in our criminal justice system. See *In re Robert S.*, 213 Ill. 2d 30, 46, 820 N.E.2d 424, 434 (2004); *In re Alfred H.H.*, 233 Ill. 2d 345, 355, 910 N.E.2d 74, 80 (2009).

The record in this case bears witness to the other criteria of the public-interest exception. The parties point to no case, and this court's research reveals no precedent, addressing the need, in an involuntary-treatment case involving a respondent who has been acquitted by reason of insanity, for notice informing the respondent's criminal defense counsel of the involuntary-treatment proceedings. The fact that the trial court found that it was Eric H.'s own duty to notify counsel suggests a need for this court to establish a guiding

3

precedent. The fact that the court repeated the same course on a successive petition suggests the likelihood of a reoccurrence of the question. Indeed, the underlying record seems tailored for review under the public-interest exception.

This case is resolved by the application of the plain language of the Mental Health Code (405 ILCS 5/2-107.1(a-5)(1) (West 2008)) and informed by the role of counsel for those acquitted by reason of insanity outlined in the Unified Code of Corrections (Corrections Code) (730 ILCS 5/5-2-4 (West 2008)). The Mental Health Code sets forth exacting standards for a petition for the involuntary administration of psychotropic medication. In particular, it requires the following notice:

> "The petitioner shall deliver a copy of the petition, and notice of the time and place of the hearing, to the respondent, his or her attorney, any known agent or attorney-in-fact, if any, and the guardian, if any, no later than 3 days prior to the date of the hearing." 405 ILCS 5/2-107.1(a-5)(1) (West 2008).

This requirement was not met.

The Mental Health Code mandates that notice of a petition to involuntarily administer psychotropic medication must be given to a respondent's criminal defense attorney. Illinois courts have consistently held that an order of involuntary treatment will not stand when notice pursuant to the Mental Health Code is not given to the criminal defense attorney of a respondent who is institutionalized as unfit to stand trial. *In re Robert S.*, 213 Ill. 2d at 56-57, 820 N.E.2d at 439-40; *In re Leslie H.*, 369 Ill. App. 3d 854, 857, 861 N.E.2d 1010, 1013 (2006); *In re Atul R.*, 382 Ill. App. 3d 1164, 1169-70, 890 N.E.2d 695, 699-700 (2008).

The State contends that the case at hand is distinct from precedent where respondents were institutionalized as unfit to stand trial. The State asserts that in previous cases the criminal cases were still pending. In *In re Robert S.*, the court stated as follows:

> "Respondent came to be in a mental health facility because he was found unfit

4

to stand trial in a criminal proceeding. In that proceeding, he was represented by an attorney. All of the parties to this action were aware of that proceeding. Although the purpose of the instant proceeding was to determine whether psychotropic medication should be forced upon respondent for his own benefit and/or the safety of those around him, ultimately, there may be consequences pertinent to the pending criminal matter.

We note that the language concerning notification in section 2-107.1(a-5)(1) of the Code is very broad and general. It refers to notification of, *inter alios*, a respondent's 'attorney' and 'any known agent,' without qualification or limitation. We have previously construed this section to require notification of 'any other interested parties to the proceeding.' See *In re C.E.*, 161 Ill. 2d [200,] 226[, 641 N.E.2d 345, 357 (1994)]. In the absence of any restrictive language in the statute, we believe respondent's criminal defense attorney qualifies as a party to whom notice is due. In the very least, criminal counsel was a 'known agent,' and thus should have been given notice of this proceeding." *In re Robert S.*, 213 Ill. 2d at 56-57, 820 N.E.2d at 440.

In contrast, the disposition of the criminal charges against Eric H. were not pending. By the time the petition was filed, Eric H. had already been found not guilty by reason of insanity.

The asserted distinction is ephemeral. The plain language of Corrections Code illustrates the need for notification. 730 ILCS 5/5-2-4 (West 2008). As indicated in the petition, Eric H. had been institutionalized for inpatient treatment in a secured setting upon a finding of not guilty by reason of insanity, and he had not reached the end of the maximum period of involuntary commitment known as his *Thiem* date. 730 ILCS 5/5-2-4(b) (West 2008); *People v. Thiem*, 82 Ill. App. 3d 956, 962, 403 N.E.2d 647, 652 (1980); see *Williams v. Staples*, 208 Ill. 2d 480, 489, 804 N.E.2d 489, 494 (2004) (a conditional discharge terminates criminal court jurisdiction). Like those institutionalized while unfit to stand trial,

5

Eric H. had matters of consequence before the circuit court of Sangamon County.

The provision of the Corrections Code addressing those acquitted by reason of insanity illustrates the continuing role of Eric H.'s Sangamon County counsel. 730 ILCS 5/5-2-4 (West 2008). Because the circuit court of Sangamon County acquitted Eric H. by reason of insanity, that court maintained jurisdiction over him. 730 ILCS 5/5-2-4(b) (West 2008); *C.J. v. Department of Mental Health & Developmental Disabilities*, 296 Ill. App. 3d 17, 23, 693 N.E.2d 1209, 1212 (1998) (a criminal court judge maintains jurisdiction over a not-guilty-by-reason-of-insanity acquittee). Notably, Eric H. was entitled to counsel before that court after it found that he was in need of mental health services. 730 ILCS 5/5-2-4(c)(1) (West 2008); *People v. Shelton*, 281 Ill. App. 3d 1027, 1037, 667 N.E.2d 562, 569 (1996) (every insanity acquittee is entitled to continuing vigorous representation). Eric H.'s Sangamon County counsel could still petition for treatment plan review, transfer to a nonsecure setting, discharge, or conditional release. 730 ILCS 5/5-2-4(e) (West 2008). Indeed, the Corrections Code requires the facility director to send periodic treatment plans summarizing the defendant's treatment needs and recommended services to the criminal court and defense counsel. 730 ILCS 5/5-2-4(b) (West 2008); see also *People v. Markwart*, 327 Ill. App. 3d 80, 85, 91, 762 N.E.2d 623, 627, 631 (2001) (though a hearing is discretionary, reporting to the criminal court is mandatory).

The continuing role of counsel before the circuit court of Sangamon County might justify notice regardless of any statutory requirement, but in the end, our holding is mandated by the plain language of the Mental Health Code. The Mental Health Code requires notice be sent to a respondent's attorney and "any known agent or attorney-in-fact." 405 ILCS 5/2-107.1(a-5)(1) (West 2008). The unexpired *Thiem* date was noted in the petitions. Eric H.'s Sangamon County counsel was both his attorney and a known agent. Eric H. was entitled to have his counsel properly notified of the petitions. The lack of proper notice invalidates

6

the petitions.

Because we vacate the orders and the appeal is otherwise moot, we decline to address the other issues raised by Eric H.

CONCLUSION

Accordingly, the orders of the circuit court are hereby vacated.


Vacated.


WELCH and CHAPMAN, JJ., concur.

7

CONSOLIDATED NO. 5-08-0317

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | |
|---|---|
| *In re* ERIC H., Alleged to Be a Person Subject to Involuntary Administration of Psychotropic Medication<br><br>(The People of the State of Illinois, Petitioner-Appellee, v. Eric H., Respondent-Appellant). | ) Appeal from the Circuit<br>) Court of Randolph County.<br>)<br>) Nos. 08-MH-95 & 08-MH-164<br>)<br>) Honorable William A. Schuwerk, Jr.,<br>) Judge, presiding. |

**Opinion Filed**:   April 14, 2010

**Justices**:   Honorable Richard P. Goldenhersh, P.J.,

Honorable Thomas M. Welch, J.,
Honorable Melissa A. Chapman, J.,
Concur

**Attorneys for Appellant**   Veronique Baker, Director, Laurel Spahn, Staff Attorney, Legal Advocacy Service, Illinois Guardianship & Advocacy Commission, West Suburban Office, P.O. Box 7009, Hines, IL 60141-7009; Barbara A. Goeben, Illinois Guardianship & Advocacy Commission, 4500 College Avenue, Suite 100, Alton, IL 62002

**Attorneys for Appellee**   Hon. Randall Rodewald, State's Attorney, Randolph County Courthouse, Chester, IL 62233; Patrick Delfino, Director, Stephen E. Norris, Deputy Director, Kendra S. Peterson, Staff Attorney, Office of the State's Attorneys Appellate Prosecutor, 730 East Illinois Highway 15, P.O. Box 2249, Mt. Vernon, IL 62864