NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 240995-U

NO. 4-24-0995

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 4, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* A.B., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Rock Island County |
|       Petitioner-Appellee, | ) | No. 24JA4 |
|       v. | ) | |
| April B., | ) | Honorable |
|       Respondent-Appellant). | ) | Norma Kauzlarich, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Zenoff and Grischow concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court affirmed, concluding respondent forfeited any issue related to the timeliness of the adjudicatory hearing.

¶ 2    Respondent mother, April B., appeals the trial court's judgment adjudicating her son, A.B. (born May 2021), neglected and making him a ward of the court. On appeal, respondent argues the State's petition for wardship should have been dismissed because an adjudicatory hearing was not held within the requisite statutory period. For the reasons that follow, we affirm.

¶ 3                       I. BACKGROUND

¶ 4    On February 6, 2024, the State filed a petition for wardship, alleging the minor was neglected in that he was subject to an environment injurious to his welfare while living with respondent. The petition described a series of incidents in late January and early February 2024 which eventually led to respondent agreeing to a mental health evaluation and then being

involuntarily committed.

¶ 5        Also on February 6, 2024, the trial court held a shelter-care hearing. Respondent, who at the time was in a mental health center, received oral notice of the hearing but did not appear. The court placed the minor in the temporary custody of the Illinois Department of Children and Family Services (DCFS) and appointed counsel to represent respondent. A summons was issued for respondent to appear on March 15, 2024.

¶ 6        On February 7, 2024, respondent, through counsel, filed a motion for the entry of an order compelling the State to tender discovery, which the trial court granted that same day.

¶ 7        On February 22, 2024, the minor's putative father, Steven W., entered an appearance. Steven W. was later found to be the minor's biological father. He is not a party to this appeal.

¶ 8        On March 15, 2024, the trial court held a pretrial hearing. Respondent appeared with counsel. Respondent's counsel informed the court respondent had signed an entry of appearance, which the court accepted. In the entry of appearance, respondent waived formal service of process and consented to the court's jurisdiction.

¶ 9        On April 18, 2024, the trial court held a pretrial conference. With respect to scheduling an adjudicatory hearing, the court indicated it needed to promptly hold such a hearing, as the State's petition was filed on February 6. Respondent's counsel, in response, informed the court that respondent did not enter an appearance until March 15. After reviewing the record, the court agreed with respondent's counsel and found they had 90 days from March 15 to commence the hearing. The court scheduled an adjudicatory hearing for May 30, 2024.

¶ 10        On April 26, 2024, respondent's counsel filed a motion to withdraw from the case due to an irreconcilable breakdown in the attorney-client relationship.

¶ 11 On May 2, 2024, the trial court held a hearing on the motion to withdraw filed by respondent's counsel. Over no objection from respondent, the court allowed the motion and then appointed respondent new counsel. The adjudicatory hearing remained scheduled for May 30, 2024.

¶ 12 On May 30, 2024, all interested parties appeared for the scheduled adjudicatory hearing. Respondent, through stand-in counsel, moved to continue the hearing to allow additional time for preparation, to which there was no objection. Respondent's counsel noted, "We will accept the delay." The trial court granted the motion. During the discussion concerning the rescheduling of the hearing, the court noted respondent "just stomped out of the room." Respondent then returned, expressed her frustration, and apologized: "We're getting through it. I miss my boy. I apologize." The court rescheduled the hearing for June 18, 2024. The court's written order indicated the matter was being continued "[f]or good cause shown" and the delay was being attributed to respondent.

¶ 13 On June 18, 2024, all interested parties appeared for the rescheduled adjudicatory hearing. Respondent, through counsel, moved to continue the hearing to secure the presence of a witness, to which the State and the guardian *ad litem* objected. The trial court denied the motion. Based upon the evidence presented, the court found the State had proven the minor to be neglected. The court later held a dispositional hearing, after which it adjudicated the minor neglected, made him a ward of the court, found his parents were unable to provide for his care, placed guardianship with DCFS, and placed custody with the minor's maternal grandmother.

¶ 14 This appeal followed.

¶ 15 II. ANALYSIS

¶ 16 On appeal, respondent argues the State's petition for wardship should have been

dismissed when an adjudicatory hearing was not held within the requisite statutory period. Specifically, respondent asserts (1) the statutory 90-day period expired on May 7, 2024, 90 days after her counsel "entered an appearance and filed a motion on her behalf," and (2) her counsel's motion for a continuance should not be attributed to her because (a) she effectively disagreed with it by leaving the courtroom and (b) the trial court's order granting the continuance was not supported by the required factual findings. Respondent acknowledges the alleged untimeliness of the adjudicatory hearing was not "brought to the trial court's attention via motion" but asserts, to the extent this results in any "waive[r]," this court should "overlook that waiver" "[i]n the interest of achieving a just result" and because "important liberty interests are at stake."

¶ 17    The State, in response, argues respondent has "waived" any issue with the timeliness of the adjudicatory hearing by failing to move to dismiss the petition for wardship on that basis. The State alternatively argues (1) the parties "effectively waived" the statutory limitations period when they agreed on May 30, 2024, to continue the adjudicatory hearing and (2) the adjudicatory hearing was not untimely given the delay in holding the hearing until five days after the statutory period expired on June 13, 2024, which was 90 days from when respondent entered her appearance, "was attributable to respondent."

¶ 18    The Juvenile Court Act of 1987 (Act) (705 ILCS 405/1-1 *et seq.* (West 2022)) sets forth a two-step process for determining whether a minor should be removed from a parent's custody and made a ward of the court. *In re Z.L.*, 2021 IL 126931, ¶ 58, 190 N.E.3d 193. The first step involves an adjudicatory hearing, where the trial court must consider whether the minor is abused, neglected, or dependent. 705 ILCS 405/2-18(a) (West 2022). The second step involves a dispositional hearing where the court must determine whether it is consistent with the health, safety, and best interests of the minor and the public that the minor be made a ward of the court.

*Id.* § 2-21(2).

¶ 19 Our legislature has recognized "that serious delay in the adjudication of abuse, neglect, or dependency cases can cause grave harm to the minor and the family and that it frustrates the health, safety and best interests of the minor and the effort to establish permanent homes for children in need." *Id.* § 2-14(a). As a result, it incorporated certain "time limits" for conducting an adjudicatory hearing. See *id.* § 2-14(b)-(d). These time limits may only be "waived" with the "consent of all parties and approval by the court." *Id.* § 2-14(d).

¶ 20 Section 2-14(b) of the Act provides an adjudicatory hearing must generally "be commenced within 90 days of the date of service of process upon the minor, parents, any guardian and any legal custodian." *Id.* § 2-14(b). Section 2-14(c) of the Act, in turn, allows for a continuance not to exceed 30 days and provides certain requirements for such a continuance. *Id.* § 2-14(c).

¶ 21 Critical to the resolution of this appeal, the legislature accounted for the possibility of an adjudicatory hearing not being held within stated time limits: "If the adjudicatory hearing is not heard within the time limits required by subsection (b) or (c) of this Section, *upon motion by any party* the petition shall be dismissed without prejudice." (Emphasis added.). *Id.* This language has been found to be clear—a petition for wardship is subject to dismissal on timeliness grounds only upon the motion of a party. *In re S.W.*, 342 Ill. App. 3d 445, 452, 794 N.E.2d 1037, 1043 (2003); see *In re S.G.*, 175 Ill. 2d 471, 473-74, 677 N.E.2d 920, 921-22 (1997) (concluding the trial court should have granted the respondent's motion to dismiss the petitions for wardship). It has further been found that to allow a respondent to raise a timeliness issue for the first time on appeal would be contrary to the stated purpose of section 2-14. *S.W.*, 342 Ill. App. 3d at 452-53.

¶ 22 In this case, neither respondent nor any other party moved to dismiss the State's petition for wardship on timeliness grounds. Therefore, consistent with established precedent, we

find any issue related to the timeliness of the adjudicatory hearing is forfeited. See *People v. Bowens*, 407 Ill. App. 3d 1094, 1098, 943 N.E.2d 1249, 1256 (2011) ("Waiver is the intentional relinquishment of a known right, whereas forfeiture is the failure to make a timely assertion of a known right."); *In re John Paul J.*, 343 Ill. App. 3d 865, 878, 799 N.E.2d 769, 779 (2003) ("[T]he respondents have waived any objection as to the timeliness of the adjudicatory hearing by failing to move for dismissal of the petition for adjudication of wardship on this basis.").

¶ 23　　　　　Respondent, furthermore, fails to persuade us this court should "overlook" her forfeiture. She asserts we should do so "[i]n the interest of achieving a just result" and because "important liberty interests are at stake." She provides, however, no analyses supporting these assertions. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). In fact, the only case she cites in support of her assertions, *In re Janet S.*, 305 Ill. App. 3d 318, 320, 712 N.E.2d 422, 423-24 (1999), is distinguishable in that it involves the involuntary administration of psychotropic medication. Therefore, we end our analysis by concluding respondent forfeited any issue related to the timeliness of the adjudicatory hearing.

¶ 24　　　　　　　　　　　　　III. CONCLUSION

¶ 25　　　　　For the reasons stated, we affirm the trial court's judgment.

¶ 26　　　　　Affirmed.